[Civil No. 1118.   Filed April 2, 1910.]

[108 Pac. 229.]

## DOUGLAS GRAY, Defendant and Appellant, v. AUGUST BARON, Plaintiff and Appellee.

BILLS AND NOTES — DELIVERY—SUFFICIENCY.—Defendant made out his note to plaintiff's order, which, with certain shares of stock, was placed in escrow with instructions to deliver the stock to defendant on payment by defendant to the escrow-holder of the amount of the note within a year, or, if defendant paid during the year for part of the stock, that part to be delivered to him, and the amount paid to be credited on the note. No payments were made by defendant within the year, nor was this contingency provided for. *Held,* that there was no delivery of the note, so that plaintiff could not sue thereon.

APPEAL from a judgment of the District Court of the Second Judicial District of the Territory of Arizona, in and for the County of Cochise. Fletcher M. Doan, Judge. Reversed, and complaint dismissed.

The facts are stated in the opinion.

Cunningham & Riggs, for Appellant.

In actions upon notes pending between the parties thereto the courts have at all times permitted payors to establish by

parol evidence such defenses as want of consideration, no delivery, delivery for special purpose and delivery upon condition. *Oakland Cemetery Assn.* v. *Lakins,* 126 Iowa, 121, 101 N. W. 778, 3 Ann. Cas. 559; *Dare* v. *Allen,* 128 U. S. 590, 9 Sup. Ct. 174, 32 L. Ed. 563; *Burke* v. *Dulaney,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; *Pym* v. *Campbell,* 6 El. & Bl. 370 (leading English case); *Burch* v. *Nevins,* 162 Fed. 129, 18 L. R. A., N. S., 288; *Denver Brewing Co.* v. *Barets,* 9 Colo. App. 341, 48 Pac. 834.

The delivery actual or constructive of a note is as essential to its validity as the signature of the maker. *Purviance* v. *Jones,* 120 Ind. 162, 16 Am. St. Rep. 319, 21 N. E. 1099; *Foy* v. *Blackstone,* 31 Ill. 538, 83 Am. Dec. 246; *Burson* v. *Huntington,* 21 Mich. 415, 4 Am. Rep. 497.

Pickett & Pickett, for Appellees.

"It is a firmly settled principle that parol evidence of an oral agreement, alleged to have been made at the time of the drawing, making or indorsing of a bill or note, cannot be permitted to vary, qualify or contradict, or add to or subtract from, the absolute terms of the written agreement." *Albuquerque Nat. Bank* v. *Stewart,* 3 Ariz. 299, 30 Pac. 303; 2 Parsons on Bills and Notes, 301; *Forsythe* v. *Kimball,* 91 U. S. 294, 23 L. Ed. 352.

A judgment or decree of the trial court will not be disturbed by the appellate court where there is any substantial evidence upon which it is based. *Sandoval* v. *Randolph,* 11 Ariz. 371, 95 Pac. 119.

KENT, C. J.—This action was brought on June 25, 1908, by Baron against Gray upon a promissory note. The complaint is in the usual form for an action on a promissory note, alleging execution and delivery thereof, and prays simply for a money judgment against the defendant for the amount thereof. The answer admits the execution of the note; denies the delivery thereof or any authorization to any person to deliver the note, or that the note was ever intended to be delivered to Baron; denies that Gray ever received any consideration for the note; alleges that on the day before the execution of the note Baron and Gray entered into an agreement by the terms of which Baron agreed to sell and deliver

to Gray 5,500 shares of the capital stock of a certain corporation at the agreed sum of ninety cents per share, at any time on or before two years from such date at the option of Gray, and that Baron agreed to place said shares of stock in escrow in the hands of the cashier of the First National Bank of Tombstone to abide the exercise by Gray of such option to purchase; that on the next day, to wit, the day the note was executed, Baron insisted that before he would place the stock in escrow as agreed Gray should execute a promissory note for the amount of the stock, payable in one year to Baron, and that he should place said note also in escrow with the stock aforesaid; and that thereupon Gray did execute the note sued upon and deposited the same with the cashier of the bank under the following escrow agreement signed by the parties, to wit: "Tombstone, Arizona, June 1st, A. D. 1907. The Cashier First National Bank, Tombstone, Arizona, Sir: This envelope contains 5,500 shares of stock of Machomich Mercantile Co., a corporation, and a promissory note from D. Gray to A. Baron, payable on or before one year from date. The stock is issued in the name of A. Baron and indorsed in blank. Now, if at any time on or before the expiration of one year, Gray shall pay you for me the amount of said note, you will deliver said stock to Gray, or if Gray pays for any portion of said stock at the rate of 90 cents per share, then you will deliver that portion to him and credit the same on said note as a partial payment thereon." The answer further alleges that neither the stock nor the note had even been delivered either to the plaintiff or defendant, and that both were still held by the bank under the escrow agreement, and that under the agreement between Baron and Gray the latter still had a year in which to exercise his option. The case was tried before the court without a jury, and judgment was given for the plaintiff. Upon the trial of the case the plaintiff put on the stand the cashier of the bank, who testified that the note was still in his possession under the terms of the escrow agreement which was introduced in evidence; that nothing had been paid upon the note, and that the note and stock were still held by him as such cashier. Defendant at the close of plaintiff's case moved to dismiss on the ground that no delivery of the note in question to the plaintiff had been proved, which motion was denied by the court. Evidence was

thereupon adduced on the part of the defendant tending to establish the allegations of fact set forth in the answer. The court found that the defendant on June 1, 1907, executed his promissory note payable to the plaintiff in the sum of $4,950 on or before one year from date, without interest, that the sum mentioned was the purchase price of the shares of stock above referred to, and that said note was placed in escrow with the cashier of the bank subject to the escrow instructions above set forth. The court further found that no part of the note was paid prior to or after its maturity, nor were the note or certificates of stock ever delivered by the escrow-holder to either plaintiff or defendant; that no instructions were given to the escrow-holder for the disposition of either the note or certificates of stock unless payment was made within the year. The court made no finding that the note had ever been delivered by Gray to Baron. As conclusions of law, the court found that the transaction between the plaintiff and defendant constituted an agreement for purchase; that the time for payment within the year by the defendant and delivery by the plaintiff of the stock thus paid for was at the option of the defendant; that after the expiration of one year the payment became due to the plaintiff upon delivery of the stock; ' that the plaintiff was entitled to a judgment for the payment of the note upon the delivery by the plaintiff to the defendant of the stock in .question.

Under the terms of the escrow agreement, the stock was to be delivered to Gray if he paid for it at the rate of ninety cents a share, or if he paid the note within the year. In default of either of such happenings, no provision was made as to the disposition of either the stock or the note. At the time of the trial the note was still in the hands of the escrow-holder and had never been delivered to the plaintiff, and the stock was still in the hands of the escrow-holder, and had never been delivered to the defendant. The consideration that Gray was to receive was the stock, but this stock was not to be delivered until it was either paid for at ninety cents a share or until the note was fully paid. The judgment of the trial court was that the defendant should pay to the plaintiff the amount of the note, and upon such payment the plaintiff should deliver the stock to the defendant, thus clearly recog-

nizing that the obligation of the defendant was a conditional one.

Under the terms of the escrow agreement and the facts as found by the court, we think there was no such delivery of the note in question to the plaintiff as constituted the plaintiff the owner and holder thereof, and entitled to sue thereon, and that the judgment entered by the court for the plaintiff requiring the payment of the note conditioned upon the delivery of the stock was outside of the issues set forth in the pleadings or the relief demanded by the plaintiff. The theory of the trial court seems to have been that the plaintiff had established a cause of action based upon the breach of a contract to purchase the stock. The error of the trial court was, we think, in attempting to enforce such a cause of action and give judgment therefor under the facts as they were found to exist, in an action based simply upon the promissory note, and not one based upon the breach of the contract to purchase.

We think the court should have granted the motion of the defendant to dismiss the complaint. The judgment is reversed and judgment will be entered in this court for the defendant dismissing the complaint of the plaintiff.

CAMPBELL, LEWIS, and DOE, JJ., concur.