HOPE HYATT AUGHTRY, *et al.,* v. E. P. KEARY

150 So. 804.
Division B.
Opinion Filed November 10, 1933.

*A. N. Spence* and *Charles M. Moon,* for Plaintiffs in Error.

*S. S. McCahill,* for Defendant in Error.

BUFORD, J.—Plaintiffs in error sued defendant in error in the court below.

The record shows a third amended declaration on a promissory note for $5,000.00 with interest and attorney's fees.

There were four pleas. The second plea was that the alleged promissory note was never delivered. Other pleas become immaterial, as does also the action and ruling of the court upon demurrers to other pleas.

The record shows that a note in the following language:

"No. 2. $5000.00 Miami, Florida, May 13th, 1926

"ON OR BEFORE EIGHT MONTHS—after date for value received I promise to pay to the order of HOPE HYATT AUGHTRY and W. E. AUGHTRY

."Five Thousand and no/100 ($5000.00) _____ Dollars.

."Payable at·207 N. E. 2nd Ave., of Miami, Florida, with. interest thereon at the rate of 8 per cent., per annum from date hereof until fully paid. Interests payable semi-annually. The· maker and endorser of this note further agree to waive demand, notice of non-payment and protest,· and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection. Deferred interest payments to bear interest from maturity at 8 per cent. per annum, payable semi-annually.

."Due _____ 192.____ ' E. P. Keary (Seal)
._____ (Seal)"

was delivered to Krames-Corlett Company, together with another note and a certain agreement contained in a letter ·of instruction from the respective parties to Krames-Corlett Company. The letter of instructions, together with the receipt therefor, was as follows: .

"Miami, Florida, May 13, 1926.

. "Krames-Corlett Company,

. 207 N. E. 2nd Avenue,

Miami, Florida.

"Gentlemen: ·

."There is herewith deposited with you by E. P. Keary, the following papers,. to-wit:

. "(1) Two (2) promissory notes numbered 1 and 2, executed by E. P. Keary, under date of May 13th, 1926, each in the sum of $5000.00, payable to the order of Hope Hyatt Aughtry and· W. E. Aughtry, her husband, bearing 8% interest per annum, interest payable semi-annually. Note No. 1 being payable on or before ninety days from its date, and Note No. 2 being payable on or before 8 months from its date.

"There is herewith deposited with you by Hope Hyatt Aughtry and W. E. Aughtry, her husband, the following instruments, to-wit:

"(1) Assignment of contract by Hope Hyatt Aughtry and W. E. Aughtry, her husband, to E. P. Keary covering Lots 3 and 4, Block 14, Shore Crest, dated May 13, 1926.

"(2) Original copy of agreement for deed on Lots 3 and 4, Block 14, Shore Crest, between Krames-Corlett Company and Hope Hyatt Aughtry, dated April 18th, 1926.

"You are instructed to receive, hold and deliver all of said papers hereinabove referred to in accordance with the following specifications and instructions, to-wit:

"Upon the payment to you of the $5,000.00 note deposited with you by E. P. Keary, being Note No. 1, due on or before 90 days from its date, you will please pay to G. R. Reiter the sum of Five Hundred Dollars ($500.00) being the balance of the commission owing him on this sale, and will remit to us the balance of the proceeds remaining in your hands.

"When both the $5,000.00 notes deposited with you by E. P. Keary are fully paid, together with all accrued interest charges, you will deliver to E. P. Keary the papers described in No. 1 and No. 2 of the second part of this escrow agreement.

"Trusting that this is satisfactory, we are

"Very truly yours,

"E. P. Keary,

"Hope Hyatt Aughtry,

"W. E. Aughtry."

"This Escrow and papers herein enumerated are hereby accepted subject to the terms specified therein.

KRAMES-CORLETT COMPANY,

"By E. S. Corlett, Pres."

As to what became of the other note, we are not concerned.

The record shows that the note involved here was never paid and we may assume that the assignment of contract and original contract mentioned in the letter of instruction were never delivered to the makers of the note. The only evidence of delivery of the note is the letter of instruction to Krames-Corlett Company and the testimony of Mr. Krames in which he testifies that he, acting for his company, received the note and the contract and the assignment referred to in the letter of instructions and that his company had continued to hold the note, in conformity with the letter of instructions until he brought it into court when he came to testify in this case. The note, according to the record here, was never subject to the control of the plaintiffs.

The record shows that there was no authority ever given by the makers for the note to be delivered to the plaintiffs as long as it should remain unpaid.

We have been able to find but one case directly in point with the one here under consideration. The case of Gray v. Baron, 13 Arizona 70, 108 Pac. 229, was a case where Baron sued Gray on a note which had beeen delivered by Gray to a third party to whom Baron delivered certain shares of stock with directions that such third party should deliver the stock to Gray on payment by Gray to the escrow holder of the amount of the note within a year, or if defendant paid during the year for part of the stock, that part was to be delivered to him and the amount paid to be credited on the note. No payments were made by defendant within the year, nor was that contingency provided for in any manner so far as the record shows. The Supreme Court of Arizona held that there was no delivery of the note so

that the plaintiff could not sue thereon. In the court below judgment was for the plaintiff. The Supreme Court reversed that judgment and said:

"Under the terms of the escrow agreement, the stock was to be delivered to Gray if he paid for it at the rate of 90 cents a share or if he paid the note within the year. In default of either of such happenings, no provision was made as to the disposition of either the stock or the note. At the time of the trial the note was still in the hands of the escrow holder and had never been delivered to the plaintiff, and the stock was still in the hands of the escrow holder and had never been delivered to the defendants. The consideration that Gray was to receive was the stock, but this stock was not to be delivered until it was either paid for at 90 cents a share or until the note was fully paid. The judgment of the trial court was that the defendant should pay to the plaintiff the amount of the note, and upon such payment the plaintiff should deliver the stock to the defendant, thus clearly recognizing that the obligation of the defendant was a conditional one.

"Under the terms of the escrow agreement and the facts as found by the court, we think there was no such delivery of the note in question to the plaintiff as constituted the plaintiff the owner and holder thereof, and entitled to sue thereon, and that the judgment entered by the court for the plaintiff requiring the payment of the note conditioned upon the delivery of the stock was outside of the issues set forth in the pleadings or the relief demanded by the plaintiff. The theory of the trial court seems to have been that the plaintiff had established a cause of action based upon the breach of a contract to purchase the stock. The error of the trial court was, we think, in attempting to enforce such a cause of action and give judgment therefor under the

614

facts as they were found to exist, in an action based simply upon the promissory note, and not one based upon the breach of the contract to purchase.

"We think the court should have granted the motion of the defendant to dismiss the complaint. The judgment is reversed and judgment will be entered in this court for the defendant dismissing the complaint of the plaintiff."

In this case we hold that there was not a delivery of the note to the plaintiffs and, therefore, that the plaintiffs could not maintain their action on the note. The most which the note could have amounted to, under the conditions existing in this case, was that it was evidence of the agreement of the parties executing the same to pay the plaintiffs a certain sum as consideration for the assignment of their rights under a certain contract and the delivery by the plaintiffs to him of such assignment with the original contract, the breach of which agreement could constitute a cause of action in favor of the plaintiffs, which cause of action would be a suit for breach of contract and not a suit on the note.

The judgment should be affirmed. It is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Ellis, Terrell, Brown and Buford, J. J., concur.