84 So.2d 722 (1956)
E. Dana JOHNSON, Appellant,
v.
Sophia A. SMITH, Appellee.
Supreme Court of Florida. Special Division A.
January 11, 1956.
*723 W.D. Jobe and James H. Bunch, Jacksonville, for appellant.
Coffee & Coffee, Jacksonville, for appellee.
THORNAL, Justice.
Appellant Johnson, who was defendant below, seeks reversal of a judgment against him in an action founded upon an alleged promissory note.
By her complaint appellee alleged that appellant Johnson and another executed and delivered to plaintiff a promissory note in the sum of $7,000 due thirty-six months after date, which said note provided that if at any time the collateral pledged as security therefor should become unsatisfactory to the holder, then the makers would immediately furnish such additional security as would be satisfactory. The complaint further alleges that the collateral became unsatisfactory, that demand was made on the makers to improve the security and that upon their failure to do so, the appellee exercised the rights given to her by the instrument to declare the entire unpaid balance due. It is further alleged that pursuant to an agreement coincident with the execution and delivery of the note, but not incorporated in the note itself, the makers "pledged to the plaintiff as security for the payment thereof that certain certificate for 726 shares of the capital stock of Southern Insurance, Inc. of the par value of ten dollars for each share, the same being certificate number 406".
Further, it was alleged that subsequent to the execution of the note the makers agreed to make monthly payments of $100 each against the principal due, although this is not contained in the note itself.
After a motion to dismiss the complaint as amended was denied, the appellant Johnson filed several defenses by an amended answer. The first defense was a denial "that the note sued upon was ever delivered by the makers thereof to the plaintiff". By his third defense, appellant attempted to allege nondelivery of the note to the plaintiff and to set up an escrow arrangement described in a letter which he made a part of his answer. This letter reads as follows:
"Mrs. Sophia A. Smith
"170 Lindbergh Drive, N.E.
"Atlanta, Ga.
"Dear Mrs. Smith:
"This is to acknowledge to you receipt of stock certificate #406 of Southern Insurance, Inc, representing 726 shares of the capital stock of said Company, said stock to be held in escrow for delivery to Dan Y. Sage, Jr., and E. Dana Johnson but to be delivered *724 to them only after payment by them of seven thousand dollars.
"We further acknowledge receipt of assignment from E. Dana Johnson of $100.00 per month, to be withheld from his earnings with the Company each month until $3,500.00 has been paid to you, at the rate of $100.00 per month and we acknowledge receipt of an assignment of $100.00 per month from Dan Y. Sage, Jr. to be withheld from his salary and earnings from the Company to be paid to you each month until the sum of $3,500.00 has been paid.
"We further acknowledge receipt of a promissory note secured by said stock in the sum of $7,000.00 signed by Dan Y. Sage, Jr., and E. Dana Johnson, to which notes the sums assigned as above provided are to be applied, in the total monthly amount of $200.00 per month for a period of thirty-five (35) months beginning April 1st, 1952, and upon final payment, either at, before or after maturity of the last installment payment said stock and stock transfer shall be delivered to Dan Y. Sage, Jr. and E. Dana Johnson or to their order.
 "Very truly yours,
 "Southern Fire and Marine
 Insurance Company
 "(signed) J.R. Smith
 "Vice President
"This escrow agreement approved and accepted this 8th day of March, 1952.
 "(signed) Sophia A. Smith
 "c/o Mrs. Thomas Morris
 "170 Lindbergh Dr., N.E."
The answer then alleges that the escrow agent wrongfully delivered the note and stock certificate to the plaintiff, that after this particular defendant had paid $1700.00 on the note, the corporation, Southern Insurance, Inc. went out of business, that the stock became worthless and that the stock certificate had never been received by appellant and prior to the action had been turned over to the appellee along with the note. The tendered defenses were stricken on the motion of the appellee and the appellant elected to stand on his defenses and declined to plead further.
The trial judge thereupon entered a default judgment against him and a final judgment ensued upon the default for the balance due on the note.
Numerous errors are assigned based on rulings on the motion to dismiss and the striking of numerous interrogatories propounded by the appellant. Our decision on the main questions, however, we believe, will dispose of these incidental problems.
By his first defense the appellant denied that the note sued upon was ever delivered. If proven, this would have been a valid legal defense to the cause of action set forth in the complaint. It should be noted that the complaint was grounded entirely upon the promissory note. In order to establish the binding effect of a promissory note between the parties, delivery to the payee is an essential prerequisite. Furthermore, in a suit upon a promissory note, if between the original parties thereto, nondelivery is a valid defense. While there may be a presumption of delivery, the presumption is rebuttable, with the maker who denies the delivery carrying the burden of proof. See Section 674.18, F.S., F.S.A.; Felkel v. Abernethy, 112 Fla. 358, 150 So. 631; Cockrell v. Taylor, 122 Fla. 798, 165 So. 887, 105 A.L.R. 1338. We therefore hold that it was error to strike the tendered defense denying delivery of the instrument sued upon.
Inasmuch as the case will require further proceedings in the lower court, and for the guidance of the parties therein, we pass upon the ruling with reference to the third defense offered by the amended answer. By this defense, the appellant attempted to show that the promissory note described in the complaint was a part of a transaction for the sale and purchase of stock in a corporation, the entire transaction being evidenced by the note, the stock certificate and the escrow arrangement covered by the letter hereinabove *725 quoted. Under such circumstances it is appropriate to show all of the documents evidencing the agreement between the parties as constituting the entire transaction as distinguished from merely producing the promissory note as an isolated segment of the transaction. Under this view the contract between the parties consists not only of the promissory note but also of the several documents going to make up the composite agreement. When the agreement between the parties consists of several instruments, it is proper to insist that all of the documents be placed before the court as establishing the rights of the parties thereto. See Spadaro v. Baird, 97 Fla. 50, 119 So. 788.
By his third defense the appellant attempted to show that the note sued upon not only never had been delivered to the appellee but also that the note was evidence of merely a part of the transaction and that the entire transaction consisted of the note supplemented by the accompanying explanatory escrow arrangement. An analysis of this arrangement will reveal that it contains no provisions for the disposition of the note or the stock certificate in the event that the makers of the note should default in making the monthly payments described in the arrangement.
In view of this situation we are necessarily led to the conclusion that under this defense it appears that the agreement between the parties consisting of the note and the escrow arrangement created a transaction tantamount to an agreement by the appellee to sell and the appellant to buy the 726 shares of stock in Southern Insurance, Inc. This leads to the conclusion further that any right of action the appellee might have may be an action for breach of the contract to purchase and damages ensuing upon the breach rather than an action on the note itself which had never been legally delivered according to the tendered defense. The action then for the breach of the contract, if asserted, would be subject to such appropriate defenses as might be alleged and proved by the defendant. See Aughtry v. Keary, 112 Fla. 609, 150 So. 804; Gray v. Baron, 13 Ariz. 70, 108 P. 229.
It was therefore error to strike the third defense offered by the amended answer. The burden will be upon the appellant to prove the defenses alleged because of the presumed delivery of a promissory note as between the parties but if he succeeds in proving the asserted defenses, they would constitute valid defenses to the particular cause of action set forth in the complaint.
For the foregoing reasons, the judgment appealed from is hereby reversed.
DREW, C.J., TERRELL, J., and DICKINSON, Associate Justice, concur.