214 So.2d 522 (1968)
Dorothy Jean HOLCOMB and Jack N. Holcomb, Appellants,
v.
S.W. BARDILL and Katherine Bardill, Appellees.
No. 965.
District Court of Appeal of Florida. Fourth District.
October 8, 1968.
Richard E. Brady, Fort Lauderdale, for appellant Dorothy Jean Holcomb.
Jack N. Holcomb, in pro. per.
*523 Bruno DiGiulian, of DiGiulian & Spellacy, Fort Lauderdale, for appellees.
OWEN, Judge.
This is an interlocutory appeal in which plaintiffs question the sufficiency of a post decree award of attorney's fees and costs.
In a somewhat unique transaction, the parties entered into an exchange of properties. Mr. and Mrs. Holcomb owned a large plantation in Jefferson County, Florida, known as Magnolia Hills Plantation. This property, subject to a mortgage, was conveyed to Mr. and Mrs. Bardill. In exchange, the Bardills conveyed to the Holcombs two improved parcels in Broward County, Florida, subject to encumbrances, and also assigned a working interest in four oil leases in Ohio. To insure that the somewhat speculative oil leases would produce a minimum of $90,460.00, Mr. Bardill alone signed a non-negotiable, non-interest bearing note, payable to the Holcombs in that amount. The note specifically provided that it was given for the purpose of guaranteeing that the payees would receive gross income in the amount of $90,460.00 from the assigned oil leases, at the rate of $2,400.00 per month, said monthly average to be determined every six months. Mr. Bardill also executed a separate document labeled "guaranty agreement". This agreement recited the assignments of the oil leases, and also set forth Mr. Bardill's willingness to furnish the aforesaid promissory note as well as his personal guarantee that the Holcombs would receive total oil revenue from the assigned oil leases in the amount of $90,460.00, the guarantee to terminate at such time as the Holcombs had received the aforesaid gross sum.
All of the documents used in the transaction were prepared by the Bardills' attorney. The note, agreement, assignments, and deeds were all executed and delivered contemporaneously on January 4, 1965.
In October, 1965, the Holcombs initiated this action seeking an injunction against Mr. Bardill's alleged threat to close down the Ohio oil wells. The Bardills thereupon filed a counterclaim alleging that the Holcombs had made certain material misrepresentations concerning Magnolia Hills Plantation which the Bardills had relied upon to their detriment, thereby demanding money damages. In January, 1966, the Holcombs amended their complaint, alleging that the oil wells had failed to produce the required revenue during the last six months of 1965 to average $2,400.00 per month, seeking both a money judgment for the deficiency as well as certain equitable relief under the guaranty agreement. The amended complaint also sought attorney's fees and costs. At the time of final hearing in April, 1966, the Bardills voluntarily dismissed their counterclaim and on April 27 the trial court entered a final decree awarding Holcombs $4,525.86 [being the amount of deficiency in oil revenue during the last six months of 1965], and granting certain equitable relief to the Holcombs under the guaranty agreement. A subsequent hearing was scheduled for determination of attorney's fees and costs. The Bardills appealed from the final decree. An opinion in that case was filed on September 10, 1968. Bardill v. Holcomb. Fourth District Court of Appeal, 215 So.2d 64.
A printed form was used for the promissory note. Included in the printed provisions was the following language:
"In the event this note is placed in the hands of an attorney for collection, or in case the holder shall become a party either as plaintiff or as defendant in any suit or legal proceeding in relation to the property described or the lien created in the mortgage securing payment of this indebtedness or for the recovery or protection of said indebtedness, the maker hereof will repay on demand all costs and expense arising therefrom, including reasonable attorney's fees, with interest thereon at the rate of 10 percent per annum until paid."
Mr. and Mrs. Holcomb had initially been represented by the same attorney, but part *524 way through the litigation Mr. Holcomb obtained court approval to represent himself, which he did thereafter. Mr. Holcomb apparently advanced all costs and expenses of the litigation, other than attorneys' fees, as he presented an itemized cost bill of $619.25. The court on post decree hearing entered its order awarding plaintiff, Dorothy Jean Holcomb, the sum of $600.00 as reasonable attorneys' fees reciting that it was "based upon a suit for the collection of a promissory note, which is the only basis upon which such a fee can be awarded in this suit." The order did not allow any attorneys' fees to Mr. Holcomb for services up until the time he commenced representing himself, and awarded the plaintiffs only the sum of $89.65 as "court costs" incurred by them in connection with the suit. Hence this interlocutory appeal.
It is apparent to us from the court's order that the award of attorneys' fees to be allowed the plaintiffs was necessarily restricted to an amount which would be proper if this were nothing more than a suit on a promissory note on which there was due the sum of $4,525.86. In considering the reasonableness of attorneys' fees to be allowed, the court erred in restricting its consideration to services "based upon a suit for collection of a promissory note".
Since all of the documents were part of a contemporaneous transaction, they should be considered together in determining their meaning and effect. Spadaro v. Baird, 1929, 97 Fla. 50, 119 So. 788; Johnson v. Smith, Fla. 1956, 84 So.2d 722. In our opinion, the provision quoted from the promissory note pertaining to the agreement to pay attorneys' fees, is broad enough to include not only suit for collection on the note, but also any litigation involving the holder either as plaintiff or defendant in relation to the property or for the recovery or protection of the indebtedness. While it is true that a mortgage was not given to secure payment of the promissory note, the defendants' counterclaim made serious allegations against plaintiffs in connection with part of the property which was involved in the overall transaction. The defendants' voluntary dismissal of such counterclaim at the time of final hearing in the case would seem to indicate that such counterclaim was baseless. The record on appeal clearly reflects that only a small fraction of the record is related to collection of the deficiency under the guaranty agreement [which amount was in fact admitted by Mr. Bardill], and that the vast bulk of the record is caused by pleadings, depositions and hearings involving only the counterclaim.
It is clear from the court's order that it felt itself restricted to determination of reasonable attorneys' fees for services rendered only on that portion of the case pertaining to collection of the deficiency under the note. In all probability the determination of costs properly to be awarded was likewise restricted. On remand the court may make a determination and award of reasonable attorneys' fees for professional services rendered to plaintiff Dorothy Jean Holcomb throughout the litigation and for professional services rendered to plaintiff Jack N. Holcomb up to the time he undertook to represent himself in proper person, and to award to the plaintiffs all costs and expenses reasonably and necessarily arising from the litigation in addition to the attorneys' fees, together with interest thereon as provided in the note.
The order appealed from is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
CROSS and REED, JJ., concur.