645 So.2d 178 (1994)
MSI FINANCIAL GROUP, INC., as assignee of Resolution Trust Corporation, etc., Appellant,
v.
VETERANS CONSTRUCTION CORP., a Delaware corp., and Hilaire Beck, as Personal Representative of the Estate of Louis Beck, deceased, et al., Appellees.
No. 94-824.
District Court of Appeal of Florida, Third District.
November 23, 1994.
Mishan, Sloto, Hoffman & Greenberg, Carol L. Cox and Jeffrey R. Sonn, Miami, for appellant.
*179 Cadwalader, Wickersham & Taft and Christopher S. Miller, Palm Beach, for appellees.
Before COPE, LEVY and GODERICH, JJ.
LEVY, Judge.
An assignee seeks reversal of the trial court's order denying its motion for attorney's fees incurred in obtaining a deficiency judgment on a promissory note and incurred in enforcing a guaranty agreement. We reverse the denial of attorney's fees incurred in obtaining the deficiency judgment on the promissory note, and affirm the denial of attorney's fees incurred in enforcing the guaranty agreement.
The appellant, MSI Financial Group, Inc. (MSI), is the owner/assignee of a three million dollar promissory note that was assigned to it by the receiver in charge of Professional Savings Bank. The appellee, Hilaire Beck, is the personal representative of the estate of the former president of Veterans Construction Corporation (Veterans), Louis Beck (Beck). Initially, Veterans executed the note and secured it with a mortgage on some of its real property. Beck, in his corporate capacity as the president of Veterans, signed the note and also executed a separate guaranty agreement under which he personally agreed to unconditionally guarantee payment of the note's indebtedness. The note contained an express provision for the payment of attorney's fees, but the guaranty did not contain a provision for fees.
Once the note matured, the bank filed the instant suit in Dade County to foreclose the mortgage and collect on the note and the guaranty. The bank also filed a claim against the estate in a probate proceeding which took place in Palm Beach County. MSI, as successor in interest to the bank, successfully asserted its claim in the probate proceeding and was directed by the probate court to liquidate its claim in the pending Dade County action. MSI then filed a motion for deficiency judgment to liquidate the amount due it from the estate. The trial court entered a final deficiency judgment in MSI's favor, but refused to award MSI attorney's fees for its efforts to collect a deficiency judgment on the promissory note or for its efforts to enforce the guaranty agreement against the estate. MSI now appeals the trial court's denial of attorney's fees.
We reverse the trial court's denial of attorney's fees with respect to the legal efforts expended by MSI to obtain a deficiency judgment on the promissory note. A trial court has the authority to award attorney's fees when authorized by statute, or where the parties have contractually agreed that such fees may be awarded. Gibson v. Courtois, 539 So.2d 459, 761 (Fla. 1989); Estate of Hampton v. Fairchild-Florida Constr. Co., 341 So.2d 759, 761 (Fla. 1976); Rivera v. Deauville Hotel, 277 So.2d 265, 266 (Fla. 1973); Woodco, Inc. v. B & H Realty Corp., 501 So.2d 1330, 1332 (Fla. 3d DCA 1987); All-Dixie Ins. Agency, Inc. v. W.J. Moffatt, 212 So.2d 347, 351 (Fla.3d DCA 1968). The note in the instant cause contained an express provision for the payment of attorney's fees which stated that, "All persons now or hereafter becoming obligated or liable for the payment hereof, do, ... jointly and severally agree ... to pay any and all court costs, including reasonable attorneys fees." This contractual language clearly delineates that Louis Beck's estate, as a successor to Louis Beck, is liable for attorney's fees in any legal action, including a deficiency judgment action, instituted to collect on the promissory note. Consequently, the trial court erred in denying MSI's motion for attorney's fees incurred with respect to the note.
However, we affirm the trial court's denial of attorney's fees to MSI with respect to the efforts it expended to collect on the guaranty agreement. Ordinarily, absent contractual or statutory authorization, a trial court is not authorized to award attorney's fees. See Gibson; Estate of Hampton; Rivera; Woodco, Inc.; All-Dixie Ins. Agency, Inc. Moreover, "[a]s a general rule, the guarantor is not liable for attorney's fees and costs in connection with an action to enforce a guaranty where there is no express provision in the guaranty for such liability... ." Kim v. Peoples Federal S & L Ass'n, 538 So.2d 867, 869-70 (Fla. 1st DCA 1989); see also U.S. Security Marine Credit Corp., 767 *180 F. Supp. 260, 265 (S.D.Fla. 1991). The guaranty agreement in the instant cause, unlike the note, contained no contractual basis providing for attorney's fees. Moreover, MSI cannot rely on the language contained in the note in its effort to collect attorney's fees incurred in enforcing the guaranty. First, the terms of the promissory note in the instant cause provided only for attorney's fees incurred in enforcing the note, and did not provide for payment of attorney's fees in an action to enforce a guaranty. In addition, the language contained in the attorney fee provision found in the note could not be construed as encompassing an action to enforce the guaranty. See Kim, 538 So.2d at 870 (holding that the language in a promissory note was not broad enough to require the guarantor to pay for the attorney's fees incurred in enforcing the guaranty agreement); compare with Holcomb v. Bardill, 214 So.2d 522, 524 (Fla. 4th DCA 1968) (finding that the language in the promissory note providing for attorney's fees was broad enough to encompass an action to enforce the guaranty agreement), cert. denied, 225 So.2d 526 (Fla. 1969). Consequently, we find that the trial court correctly denied the appellant's claim for attorney's fees expended in collecting on the guaranty agreement.
Accordingly, we affirm the denial of MSI's motion for attorney's fees incurred in enforcing the guaranty agreement. We also reverse the denial of MSI's motion for attorney's fees incurred in obtaining a deficiency judgment on the note, and remand with instructions to award MSI reasonable attorney's fees.
Affirmed in part, reversed in part, and remanded.