755 So.2d 138 (1999)
J.G. WENTWORTH, S.S.C., L.P., a Delaware Limited Partnership, Appellant,
v.
SAFECO LIFE INSURANCE COMPANY, Appellee.
No. 99-868.
District Court of Appeal of Florida, Fourth District.
November 24, 1999.
David A. Silverstone of Law Offices of Lee B. Gartner, Coral Springs, for appellant.
Laura Douglas of Cooney, Mattson, Lance, Blackburn, Richard & O'Connor, P.A., Fort Lauderdale, for appellee.
WARNER, C.J.
Through a purchase agreement, an injured employee assigned her right to receive annuity payments from a worker's compensation settlement to appellant for a cash payment. The employee agreed to change the beneficiary of the policy from her husband to her estate and to execute a will that would effectively transfer the estate's interest in the continuing annuity payments to appellant. Pursuant to the agreement, the employee notified appellee, Safeco, of the change of beneficiary. When the employee died, Safeco refused to recognize the change of beneficiary and failed to make payments either to the employee's estate or to appellant. Appellant filed suit, and Safeco defended, claiming that the entire agreement was invalid as a violation of section 440.22, Florida Statutes (1997), which provides:
No assignment, release, or commutation of compensation or benefits due or payable under this chapter except as provided by this chapter shall be valid, and such compensation and benefits shall be exempt from all claims of creditors, and from levy, execution and attachments or other remedy for recovery or collection of a debt, which exemption may not be waived.
The trial court agreed and granted summary judgment.
We affirm the trial court ruling. While appellant argues that Safeco should honor the change of beneficiary and let the estate recover, the employee's agreement to change the beneficiary was simply part of the entire assignment of benefits transaction. Where documents are executed as part of the same transaction they should be considered together in determining their meaning and effect. See Holcomb v. Bardill, 214 So.2d 522, 524 (Fla. 4th DCA 1968); Citicorp Real Estate, Inc. v. Ameripalms *139 6B GP, Inc., 633 So.2d 47, 49 (Fla. 3d DCA 1994); Johnson v. Smith, 84 So.2d 722, 725 (Fla.1956)("contract between the parties consists not only of the promissory note but also of the several documents going to make up the composite agreement"). Section 440.22 makes any assignment of worker's compensation benefits invalid. As such, this purchase agreement and its effectuating transfer instruments are unenforceable.
Affirmed.
DELL and TAYLOR, JJ., concur.