778 So.2d 1076 (2001)
Philip F. CACCIATORE, Jr., Appellant,
v.
FISHERMAN'S WHARF REALTY LIMITED PARTNERSHIP, by and through EMALFARB INVESTMENT CORP., its general partner, Appellee.
No. 4D00-139.
District Court of Appeal of Florida, Fourth District.
March 7, 2001.
Thomas J. Ali of Kramer, Ali, Fleck, Carothers, Hughes & Gelb, Jupiter, for appellant.
Elaine Johnson James of Nason, Yeager, Gerson, White & Lioce, P.A., West Palm Beach, for appellee.
KLEIN, J.
Appellant was held liable on his personal guaranty of a lease and appeals, but we find the issues he raises to be without merit. We address the issue raised by appellee's motion for attorney's fees on appeal, which is whether the guarantor can be liable for attorney's fees where there is no express provision for attorney's fees in the guaranty.
Appellant, who is contesting the payment of attorney's fees, relies on Kim v. Peoples Federal Savings & Loan Ass'n of Tarentum, Pennsylvania, 538 So.2d 867, 869 (Fla. 1st DCA 1989), in which the court denied attorney's fees to the plaintiff recovering on a guaranty, stating:
As a general rule, the guarantor is not liable for attorney's fees and costs in connection with an action to enforce a guaranty where there is no express provision in the guaranty for such liability, but where the contract provides only for payment of attorney's fees and costs in *1077 connection with proceedings to collect on the note. See Servaites v. Lowden, 99 Nev. 240, 660 P.2d 1008 (1983); Securities Investment Company of St. Louis v. Donnelley, 89 Nev. 341, 513 P.2d 1238 (1973); Taylor v. Ross, 736 S.W.2d 614 (Tenn.Ct.App.1987).
The Kim court did not quote the attorney's fee provision in the note, but did state that the note in Kim was distinguishable from the one involved in Holcomb v. Bardill, 214 So.2d 522 (Fla. 4th DCA 1968). The note in Holcomb provided:
In the event this note is placed in the hands of an attorney for collection, or in case the holder shall become a party either as plaintiff or as defendant in any suit or legal proceeding in relation to the property described or the lien created in the mortgage securing payment of this indebtedness or for the recovery or protection of said indebtedness, the maker hereof will repay on demand all costs and expense arising therefrom, including reasonable attorney's fees, with interest thereon at the rate of 10 percent per annum until paid.
Id. at 523. This court held in Holcomb that the language in the note was broad enough to allow recovery of attorney's fees in a suit on the guaranty.
In the present case the lease provided:

ATTORNEY FEES AND COSTS: In connection with any litigation arising out of this Lease, the prevailing party shall be entitled to recover all costs incurred, including a reasonable attorney's fee in the events [sic] of appellate proceedings.
This suit on the guarantee clearly falls within the term "any litigation arising out of this Lease," and appellee is a prevailing party. We therefore agree that the appellee is entitled to attorney's fees.
In addition, the guaranty provides:
Guarantor further agrees to be bound by each and every covenant, obligation, power and authorization, without limitation, in the said Lease, with the same force and effect as if it were designated in [sic] and had executed said Lease as Lessee hereunder.
This provision also makes the guarantor liable under the prevailing party attorney's fees provision in the lease, because it binds the guarantor in the same manner as the lessee is bound.
We therefore reject appellant's argument that, under Kim and MSI Financial Group v. Veterans Construction Corp., 645 So.2d 178 (Fla. 3d DCA 1994), which is consistent with Kim, he is not liable. We affirm the appeal on the merits and grant appellee's motion for attorney's fees.
POLEN and SHAHOOD, JJ., concur.