LaROSE, Judge.
Paul D. Riesterer and Glenna S. Ries-terer appeal the trial court’s order denying their motion for prevailing party attorney’s fees. We have jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A). We reverse.
In 1997, Mr. Riesterer and Charles Fra-nek, Jr., formed Tee Sign Design, Inc. (Tee Sign). The corporation borrowed $60,000 from Florida Bank of Commerce (BOC). The loan was evidenced by a note secured by Tee Sign’s assets. The Ries-terers and Mr. Franek guaranteed the loan. Tee Sign defaulted and went bankrupt. In June 2003, Southern Exchange Bank (Bank), BOC’s successor in interest, sued Mr. Franek and the Riesterers on the guaranty to recover approximately $30,000 still due on the note. In its complaint, the Bank sought attorney’s fees.
*645 While the guaranty lawsuit was pending, a bankruptcy trustee, in July 2003, allowed the Bank to sell Tee Sign’s assets. The Bank sold those assets for about $2000, without notice to the Riesterers and Mr. Franek. Thereafter, Mr. Franek filed for bankruptcy protection, but the Bank continued to pursue the Riesterers under the guaranty. The Bank sold the note to Cadle Company II (Cadle) in late 2005.
Trial occurred in mid 2007. Cadle stipulated that the Riesterers had no notice of the asset sale. Consequently, a rebuttable presumption arose that the value of the assets equaled or exceeded the debt owed. See Landmark First Nat’l Bank of Ft. Lauderdale v. Gepetto’s Tale O’ The Whale of Ft. Lauderdale, Inc., 498 So.2d 920, 922 (Fla.1986). Cadle failed to overcome the presumption. Accordingly, the trial court entered a final judgment for the Riester-ers. The Riesterers then sought attorney’s fees and costs under the note and section 57.105(6), Florida Statutes (2002).[1] The trial court denied their fee motion. Evidently, the parties understood from the outset that the note holder, if it prevailed, would be entitled to attorney’s fees. Nevertheless, the trial court refused to grant a reciprocal entitlement to the Riesterers; it reasoned that the guaranty had no attorney’s fee provision and that the note’s fee provision applied only to Tee Sign.
Because the trial court denied fees based on its interpretation of the contract documents, that is, the note and guaranty, our review is de novo. See Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000). And, we must consider the note and guaranty together to determine their meaning and effect. See Holcomb v. Bardill, 214 So.2d 522, 524 (Fla. 4th DCA 1968) (citing Spadaro v. Baird, 97 Fla. 50, 119 So. 788, 790 (1929)); see also Taylor v. Am. Nat’l Bank of Pensacola, 63 Fla. 631, 57 So. 678, 678 (1912) (holding that provisions of contemporaneously executed instruments that limit, explain, or affect each other will be given effect so as to carry out parties’ intentions).
The trial court relied on MSI Financial Group, Inc. v. Veterans Construction Corp., 645 So.2d 178 (Fla. 3d DCA 1994). There, the guaranty contained no attorney’s fees provision. Id. at 179. The promissory note, however, provided that “[a]ll persons ... becoming obligated or liable for the payment [of the note] ... agree ... to pay any and all court costs, including reasonable attorneys fees.... ” Id. The Third District held that the note’s fee provision was too narrow to allow recovery of fees in an action on the guaranty. Id. at 180; see also Kim v. Peoples Fed. Sav. & Loan Ass’n, 538 So.2d 867, 869-70 (Fla. 1st DCA 1989). Generally, where the note provides only for fees in an action on the note, a guarantor is not liable for attorney’s fees in an action on the guaranty absent a fee provision in that document. MSI, 645 So.2d at 179; Kim, 538 So.2d at 869. Yet, a guarantor may be liable for fees if the language in the note is broad enough to cover a suit on the guaranty. See Cacciatore v. Fisherman’s Wharf Realty Ltd. P’ship, 778 So.2d 1076, 1077 (Fla. 4th DCA 2001).
Cacciatore involved a lease dispute. Id. The lease provided that “[i]n connection with any litigation arising out of this Lease, the prevailing party shall be enti- *646 tied to recover all costs incurred, including a reasonable attorney’s fee in the events [sic] of appellate proceedings.” Id. (second alteration in original). The guaranty provided as follows: “Guarantor further agrees to be bound by each and every covenant, obligation, power and authorization, without limitation, in the said Lease, with the same force and effect as if it were designated in [sic] and had executed said Lease as Lessee hereunder.” Id. (alteration in original). The Fourth District held that the appellee was entitled to prevailing party attorney’s fees on appeal because the suit on the guaranty was litigation arising out of the lease, and the guarantor was bound to the lease terms. Id. at 1077 (citing Holcomb, 214 So.2d at 523).
Cacciatore establishes that had Ca-dle prevailed, it would have been entitled to attorney’s fees. The note provides as follows:
The undersigned [Tee Sign] shall pay all expenses of any nature, whether incurred in or out of court, and whether incurred before or after this Note shall become due at its maturity date or otherwise, including but not limited to reasonable attorney’s fees and costs, which Holder may deem necessary or proper in connection with the satisfaction of the Indebtedness or the administration, supervision, preservation, protection of ... or the realization upon the Collateral.
The note further provides:
The term “Collateral” as used in this Note shall mean any funds, guaranties, or other property of rights therein of any nature whatsoever or the proceeds thereof which may have been, are, or hereafter may be, hypothecated, directly or indirectly by the undersigned or others, in connection with, or as security for, the Indebtedness or any part thereof.... The covenants and conditions set forth or referred to in any and all instruments of hypothecation constituting the Collateral are hereby incorporated in this Note as covenants and conditions of the undersigned with the same force and effect as though such covenants and conditions were fully set forth herein.
(Emphasis added.) These provisions encompass fees for suit on the guaranty. After all, the collateral described in the note specifically includes the guaranty. And, the guaranty, read in conjunction with the note, contemplates liability to Ca-dle for its attorney’s fees if it prevailed:
[T]he Undersigned [Riesterers] hereby unconditionally guarantees to Lender, its sucessors [sic] and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of an interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor
[[Image here]]
(Emphasis added.) The sums payable, by necessity, include the fees incurred by Ca-dle in pursuing a claim on the guaranty.
We must conclude that the Riesterers, had they lost, would have been liable for Cadle’s attorney’s fees incurred in realizing the “collateral” under the note. It follows, therefore, that the Riesterers, as the prevailing parties in the guaranty lawsuit, are entitled to reciprocal attorney’s fees under section 57.105(6).
We reverse and remand for further proceedings consistent with this opinion.
WHATLEY and DAVIS, JJ„ Concur.

. If a contract contains a provision allowing attorney's fees
to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney’s fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract.
§ 57.105(6), Fla. Stat. (2002).