ON MOTION FOR REHEARING AND MOTION FOR CERTIFICATION

LAGOA, J.
Appellee, Lisa Goldberg, as Trustee, (“Goldberg”), has filed motions for rehearing and certification of conflict to the Florida Supreme Court in connection with the opinion issued by this Court on November 9, 2011. We deny both motions, withdraw our previous opinion, and substitute the following in its place.
Specifically, Goldberg argues in her motion for rehearing that this Court overlooked the provisions of section 59.46, Florida Statutes (2011),[1] in denying her motion for appellate attorney’s fees and costs. Goldberg’s argument is without merit for two reasons.
First, it is well settled that when statutory grounds exists for an award of attorney’s fees, the motion seeking fees shall refer to the statute. See Fla. R.App. P. 9.400(b) (stating that the motion “shall state the grounds on which recovery is sought”); Lehigh Corp. v. Byrd, 397 So.2d 1202, 1205 (Fla. 1st DCA 1981) (“[A]n attorney who presents this court with a motion for attorney’s fees should state the grounds for the motion. If a statutory ground exists, the motion should refer to the statute, as well as specifying the appropriate section and subsections of the statute, along with the year of the statute.”). Here, Goldberg did not move for fees in this Court pursuant to section 59.46. Her motion for appellate attorney’s fees and costs did not refer to the statute, and sought fees only under the promissory note and personal guaranty.
Second, Goldberg’s reliance on section 59.46 is misplaced because that statute applies only when a contract or statute provides for payment of fees. As explained below, that is not the case here.

ON MOTION FOR APPELLATE ATTORNEY’S FEES AND COSTS

Pursuant to Florida Rule of Appellate Procedure 9.400, Goldberg moved for an award of appellate attorney’s fees and costs under both a promissory note and a personal guaranty. Because neither the promissory note nor the personal guaranty create an entitlement to such fees, we deny the motion. Nonetheless, as the prevailing party, Goldberg is entitled to the taxation of certain enumerated costs, pursuant to Rule 9.400(a), and we award those costs to her.
I. FACTUAL AND PROCEDURAL HISTORY
On November 6, 2007, Kapital Development, LLC (“Kapital”) executed a promissory note in favor of the Lisa Goldberg Revocable Trust. On that same day, Stev-an Pardo (“Pardo”) and Howard Kaplan (“Kaplan”) signed a personal guaranty of the promissory note in their individual ca *297 pacities. In December of 2009, Goldberg filed suit against Kapital, alleging a claim for breach of promissory note, and against Pardo and Kaplan for breach of guaranty. The trial court subsequently entered final judgment in favor of Goldberg. Pardo and Kaplan appealed, and this Court affirmed. Pardo v. Goldberg, No. 3D10-3404, 93 So.3d 1039, 2011 WL 3601963 (Fla. 3d DCA Aug.17, 2011).
On May 10, 2011, Goldberg filed a motion for appellate attorney’s fees and costs pursuant to both the promissory note and personal guaranty that were the subject of this appeal. The attorney’s fee provision of the promissory note executed by Kapital provided as follows:
Collection. In the event this note shall be in default and placed for collection, then the undersigned agree to pay all reasonable attorney fees and costs of collection.
The promissory note further provided that:
The undersigned and all other parties to this note, whether as endorsers, guarantors or sureties, agree to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note.
With respect to the obligations of the guarantors (ie. Pardo and Kaplan), the personal guaranty, provided in pertinent part, that:
[T]he undersigned, jointly and severally, guarantee(s) to Lender, Lender’s successors and assigns, heirs and personal representatives, the full performance and observance of all the covenants, conditions and agreements therein provided to be performed and observed by Kapi-tal under the Note.... The undersigned further covenants and agrees that this guaranty shall remain and continue in full force and effect until all principal and interest due Lender have been paid in full.
II. ANALYSIS
“An award of appellate attorneys’ fees must be supported by a particular contractual, statutory, or other substantive basis.” State, Dep’t of Highway Safety & Motor Vehicles v. Trauth, 971 So.2d 906, 908 (Fla. 3d DCA 2007). In assessing whether to award appellate attorney’s fees on the basis of a promissory note and personal guaranty, this Court must interpret both documents together to determine their meaning and effect. See Riesterer v. Cadle Co. II, 981 So.2d 644, 645 (Fla. 2d DCA 2008).
It is well established that “[a]s a general rule, the guarantor is not liable for attorney’s fees and costs in connection with an action to enforce a guaranty where there is no express provision in the guaranty for such liability.” MSI Fin. Grp., Inc. v. Veterans Constr. Corp., 645 So.2d 178, 179 (Fla. 3d DCA 1994) (quoting Kim v. Peoples Fed. Sav. & Loan Ass’n, 538 So.2d 867, 869 (Fla. 1st DCA 1989)).
However, “a guarantor may be liable for fees if the language in the [promissory] note is broad enough to cover a suit on the guaranty.” Riesterer, 981 So.2d at 645; cf. Cacciatore v. Fisherman’s Wharf Realty Ltd. P’ship, 778 So.2d 1076 (Fla. 4th DCA 2001) (awarding attorney’s fees on appeal where the language of the underlying personal guaranty did not include a provision awarding attorney’s fees but the lease included language that was broad enough to support such an award). But cf. Kim, *298 538 So.2d at 870 (holding that the language in a promissory note was not broad enough to require the guarantor to pay for the attorney’s fees incurred in enforcing the guaranty agreement).
Here, because the personal guaranty signed by Kaplan and Pardo does not include a specific provision that would obligate the guarantors to pay attorney’s fees, we must look to the language of the note to see whether it is broad enough to cover a suit on the guaranty. See MSI Fin. Grp., 645 So.2d at 179. We conclude that the attorney’s fee provision of the promissory note between Kapital and Goldberg does not include language broad enough to justify the imposition of appellate attorney’s fees against the guarantors. Kim, 538 So.2d at 870. Accordingly, we deny Goldberg’s motion for fees.
Notwithstanding the denial of fees, we award costs to Goldberg as “the prevailing party in this court is automatically entitled to taxation of certain enumerated costs unless otherwise directed by the respective courts of appeal.” Di Teodoro v. Lazy Dolphin Dev. Co., 432 So.2d 625, 626 (Fla. 3d DCA 1983).[2]

. That statute reads:
59.46. Attorney’s fees
In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney’s fees to the prevailing party shall be construed to include the payment of attorney’s fees to the prevailing párty on appeal.

. Rule 9.400 governs the award of appellate attorneys fees and costs, and provides in pertinent part that "[c]osts shall be taxed in favor of the prevailing party unless the court orders otherwise.” Fla. R.App. P. 9.400(a).