# Staunton.

## PEOPLE'S BANK OF RURAL RETREAT v. PEOPLE'S NATIONAL BANK OF ABINGDON AND THE ABINGDON WAREHOUSE CORPORATION.

September 22, 1927.

Absent, Campbell, J.

1. APPEAL AND ERROR—*Harmless Error—Misjoinder—Action Against Maker of Note and Bank from Which Plaintiff Obtained Note—Case at Bar.*—The instant case was a proceeding by notice of motion by plaintiff bank against the maker of a note and defendant bank from which plaintiff bank acquired the note. The defendant bank moved to dismiss because of misjoinder of parties. The court held that there was a misjoinder but refused to dismiss the defendant bank, and required the plaintiff to elect as to which defendant it would prosecute the action against, which it did. The court's order permitted the plaintiff to amend its notice by alleging that the maker of the note was insolvent. There was a judgment in favor of defendant bank.

   *Held:* That even if there was not a misjoinder, the error, if any, was harmless, as the maker of the note was alleged by plaintiff to be insolvent and defendant bank derived no benefit from the court's holding.

2. GUARANTY—*Banks and Banking—Continuing Guaranty of Notes Acquired by Plaintiff Bank from Defendant Bank—Case at Bar.*—A letter of November 12, 1919, from defendant bank to plaintiff bank was as follows: "As to the notes that *have been placed with you from* our customers will say that at any time you wish any of these notes paid just advise us and we will take same up at this bank. We *will* send you no notes that we would not handle here, and none but those that our Finance Committee pass on favorably." (Italics supplied).

   *Held:* That this letter did not constitute a continuing guaranty for such notes as should, in the future, be acquired from defendant bank by plaintiff, and did not guarantee payment of a note dated April 2, 1926, acquired by plaintiff bank from defendant bank, but not endorsed by defendant bank.

3. PLEADING—*Common Count in Assumpsit—Reference to Special Count—*

*Dismissal of Motion for Judgment—Case at Bar.*—The instant case was a proceeding by notice of motion by plaintiff bank against the maker of a note and defendant bank from which plaintiff bank acquired the note. Upon demurrer the court dismissed plaintiff's action upon plaintiff's declining to amend. Plaintiff contended that the second count of its notice was a common count for money had and received by the defendant bank, and that, independently of the first or special count, it was entitled to recover on the common count, but it is specifically alleged in the so called common count that the sum of $3,200.00 is due "by reason of the matters in this notice set out," and the "matters in the notice set out" relate entirely to an alleged guaranty contained in a letter from defendant bank to plaintiff bank. The only cause of action alleged against the defendant was upon the letter in question.

*Held:* That it follows that if a good cause of action was not stated upon that letter the demurrer was properly sustained.

4. Interpretation and Construction—*Practical Construction—Instrument Must be Ambiguous.*—The "doctrine of practical construction,"—that is, the construction put upon the instrument by the parties thereto, has been frequently applied in this State, but an essential to its application is, that the instrument to be construed must be ambiguous. If it is not ambiguous in its terms it must be construed without the aid of the views of the parties as to it or of their conduct under it. If the instrument is plain upon its face, parol evidence as to practical construction of the parties is inadmissible, and an allegation of practical construction in the pleadings is mere surplusage.

5. Guaranty—*Construction—Strict or Liberal.*—There should be neither a strict nor a liberal construction of a guaranty, but it should receive a reasonable construction and be fairly construed according to the intent of the parties in the same manner as other contracts are construed. But if the meaning of the guaranty is found, the effect of the guaranty is strictly construed in favor of the guarantor. His liability cannot be enlarged beyond the strict intent of the instrument.

Error to a judgment of the Circuit Court of Washington county, in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Hutton & Hutton* and *S. B. Campbell,* for the plaintiff in error.

*White, Penn & Stuart,* for the defendants in error.

CHICHESTER, J., delivered the opinion of the court.

The People's Bank of Rural Retreat, hereinafter called plaintiff bank, is here complaining of three orders of the Circuit Court of Washington county: One, an order of September 17, 1926, holding that the People's National Bank of Abington, hereinafter called defendant bank, or Abingdon Bank, had been misjoined with the Abingdon Warehouse Corporation and requiring the Rural Retreat Bank to elect whether it would prosecute its action against the warehouse corporation or the Abingdon Bank, and upon election being made to prosecute the action against the Abingdon Bank, dismissing it as to the warehouse corporation. (This order permitted the plaintiff to amend its notice by alleging that the warehouse corporation was insolvent.) Two, an order of October 12, 1926, sustaining the demurrer to the plaintiff's notice of motion for judgment upon the first ground (hereinafter set out), and allowing plaintiff to amend its notice. Three, an order of December 10, 1926, dismissing plaintiff's action upon the plaintiff's declining to amend.

The notice of motion which fully but concisely states the facts upon which the plaintiff relies for recovery against the defendant is copied in the margin.*

*1.
To The People's National Bank, at Abingdon,
    and the
Abingdon Warehouse Corporation, Inc.
    You and each of you will please take notice that the undersigned People's Bank of Rural Retreat will on Tuesday, June 15, 1926, move the Circuit Court of Washington county for a judgment against you and each of you for the sum of $3,200.00, with interest thereon from the 2nd day of May, 1926, until paid, together with an attorney's fee of 10%, the same being due to the undersigned by reason of a certain writing obligatory commonly called a negotiable note, executed by you the Abingdon Warehouse Corporation, payable to the order of yourself and by you the said Abingdon

There were several grounds of demurrer presented to the trial court, but if the trial court was right in sustaining the demurrer upon the first ground, which was that the letter of November 12, 1919, copied in the notice of motion, did not constitute a guaranty of the note of April 2, 1926, as we think it was, it is unnecessary to consider any other grounds of demurrer.

The case then presents only two questions for decision.

(1) Did the court err in holding that the defendant bank and the warehouse corporation were misjoined as parties defendant?

(2) Did the letter of November 12, 1919, constitute a guaranty of payment, by the defendant bank, of the note of April 2, 1926?

[1] 1. It is obvious that, even if there were not a misjoinder, the error, if any, was harmless, as the ware-

Warehouse Corporation endorsed, and which note is in the words and figures following:
3200.00                                    Abingdon, Va., Apr. 2, 1926.

Thirty days after date for value received we promise to pay to ourselves or order without offset, negotiable and payable at the People's National Bank at Abingdon, Va., Thirty two hundred and no/100 dollars, value received. Homestead and all other exemptions waived by the maker and each endorser.

If this note is not paid at maturity and is collected by suit or attorney, the maker and endorsers hereof agree to pay in addition to the amount of this note ten per cent collection fees and five dollars attorney's fees. And the maker and endorsers hereby waive presentment, demand of payment, protest and notice thereof, of this note.

THE ABINGDON WAREHOUSE CORPORATION.
No. 716.          Due 5/2               By F. S. Davis, Secy. & Treas.

You will further notice that this said note was discounted by you, the People's National Bank, with the undersigned, People's Bank of Rural Retreat, and the undersigned took said note and paid you the proceeds therefrom by reason of a certain guaranty executed by the duly authorized officer of you, the said People's National Bank, and dated November 12, 1919, which guaranty is in the words and figures following:
The People's National Bank,
Abingdon, Va., Nov. 12, 1919.
Mr. W. O. Greever, Cashier,
     The People's Bank,
          Rural Retreat, Va.
Dear Mr. Greever:
     As to the notes that *have been placed with you from* our customers will

house corporation was alleged by the plaintiff to be insolvent. In addition the defendant bank derived no benefit from the court's holding. The court's action was brought about by the motion of the Abingdon Bank to dismiss it because of misjoinder of parties. The court held that there was a misjoinder but refused to dismiss the defendant bank, and required the plaintiff to elect as to which defendant it would prosecute the action against, which it did. The defendant bank failed in its motion, which was to obtain its own dismissal.

[2, 3] 2. Examination of the notice of motion dis-

---

say that at any time you wish any of these notes paid just advise us and we will take same up at this bank. We will send you no notes that we would not handle here, and none but those that our Finance Committee pass on favorably.

> Very truly yours,
> F. B. McCONNELL,
> Cashier.

You, the said People's National Bank, will further take notice that it was the intention of the parties to the above guarantee that the same should at all times be a continuing guarantee for all notes which the undersigned should discount for you, the said People's National Bank, and that from time to time you, the said People's National Bank did comply with your agreement to take up notes which were discounted by you with the undersigned People's Bank of Rural Retreat, and which were not held by the People's Bank of Rural Retreat on November 12, 1919. You, the said People's National Bank will further take notice that in pursuance of said guarantee of date November 12, 1919, the undersigned presented the note of the Abingdon Warehouse Wholesale Corporation above set out to you for payment and payment thereof was refused, and it presented the note to the Abingdon Warehouse Corporation for payment at the People's National Bank at Abingdon, for payment through said People's National Bank, and payment thereof was refused as you, the said People's National Bank, already know.

You, the People's National Bank of Abingdon, will also take notice that the undersigned People's Bank of Rural Retreat will move for judgment against you for the sum of $3,200.00, with interest thereon from the 2nd day of May, 1926, until paid, together with an attorney's fee of 10%, the same being for money before this time had and received by you the said People's National Bank at Abingdon, *by reason of the matters in this notice set out.* You will both take notice that the note sued upon is not taxable, as the debt evidenced by it has on the first of each February been held by the undersigned as a part of its assets.

> Respectfully,
> PEOPLE'S BANK OF RURAL RETREAT,
> *By Counsel.*

closes that if there is a legal obligation upon the defendant to pay the note in question here, it arises alone from the letter of November 12, 1919, which is claimed to be a guaranty as to all notes placed with the plaintiff bank from customers of the defendant bank outstanding at the date of the letter and a continuing guaranty of such notes bearing date subsequent to the letter. This is true because it is not alleged that the defendant is a party to the note or that it endorsed it.

It is true it is contended that the second count of the notice is a common count for money had and received by the defendant bank, and that, independently of the first or special count, it is entitled to recover on the common count, but it is specifically alleged in the so-called common count that the sum of $3,200.00 is due "by reason of the matters in this notice set out," and the "matters in the notice set out" relate entirely to the alleged guaranty contained in the letter. The only cause of action alleged against the defendant in the notice of motion, therefore, is upon the letter of November 12, 1919. It follows that if a good cause of action was not stated upon that letter, the demurrer was properly sustained.

On behalf of the plaintiff bank it is contended that the letter in question not only is a guaranty for the payment of the notes referred to then in the possession of the plaintiff bank, but that it was a continuing guarantee for such notes as should, in the future, be acquired from the defendant bank.

It is not insisted with any degree of force, if at all, that a literal reading of the letter included in its operation the note sued on, but it is insistently urged that as the notice alleges that it was the intention of the parties that the letter should be a continuing agreement and should protect future as well as past discounts, and

as the notice goes further and alleges that the parties by a course of dealing over a period of years practically construed the letter as a continuing guaranty, that the defendant bank is bound by the construction and that the court erred in sustaining the demurrer.

[4] The rule as to the "doctrine of practical construction"—that is, the construction put upon an instrument by the parties thereto—is well settled in Virginia. It has been frequently applied in this State, but an essential to its application is, that the instrument to be construed must be ambiguous. If it is not ambiguous in its terms it must be construed without the aid of the views of the parties as to it or of their conduct under it. *Knick* v. *Knick*, 75 Va. 12, 19; *Trigg* v. *Bucyrus Co.*, 104 Va. 79, 51 S. E. 174; *Butler Bros.* v. *Virginia Railway Co.*, 113 Va. 28, 73 S. E. 441; *Northrop* v. *Richmond*, 105 Va. 355, 53 S. E. 962; *Chesapeake and Potomac Tel. Co.* v. *Wythe Telephone Co.*, 142 Va. 529, 129 S. E. 389.

It follows that it is necessary to construe the letter and ascertain whether its meaning is plain upon its face or whether it is not plain upon its face. If it is plain upon its face, parol evidence as to practical construction of the parties would be inadmissible upon the trial, and the allegation of practical construction contained in the notice is mere surplusage.

The plaintiff bank asks the court to construe the letter of November 12, 1919, as a continuing gauranty extending from its date for an indefinite time into the future with no limitation as to amount of liability that might be incurred under it—to construe a letter dated November 12, 1919, as guaranteeing payment of a note dated April 2, 1926.

That the language of this letter negatives any intention on the part of the defendant bank to assume any legal obligation as to this note or any notes which

it might place with the plaintiff bank in the future is clearly shown by the analysis of the letter contained in the brief of defendant in error. In that analysis this appears: "The letter consists of two sentences, the first of which refers to notes 'that have been placed with you from our customers.' This sentence necessarily refers only to notes held by the plaintiff bank on November 12, 1919. As to such notes, the undertaking of the defendant bank is specific: 'any time you wish any of these notes paid, just advise us and we will take same up at this bank.' The second sentence of the letter deals with the future only, and as to notes that may be placed with the plaintiff in the future, the language is very different from that referring to the notes previously placed. As to such future notes, the letter states: 'We will send you no notes that we would not handle here, and none but those that our Finance Committee pass on favorably.' It is immediately obvious how different is the undertaking as to such future notes. There is nothing said about paying them upon request, or about paying them under any circumstances whatever. The second sentence constitutes perhaps a recommendation of such future notes, but the court will look in vain for anything in it in the nature of a guaranty or warranty of any kind. If it had been the intention of the letter to make the same engagement as to future notes that it made as to past notes, it would have been very easy to have said so. The failure to say so, combined with the use of language clearly indicating an entirely different position with respect to future notes, should be reasonably construed as evincing an intention to undertake no advance liability as to such future notes. In such a situation, the language of the letter, in combination with the failure of the defendant bank to endorse the note of

April 2, 1926, constituted the defendant bank a mere forwarder or 'placer' of the note. The plaintiff bank, having taken the note without any assumption of legal liability thereon by the defendant bank, can hold only the parties to the note itself. The complete change of the language of the letter when it came to deal with future notes plainly evidences a corresponding complete change of intention with regard to such future notes.

"A plausible reason suggests itself for the unwillingness of the defendant bank to undertake any legal liability as to such future notes, in that it did not know, and could not know, what notes it might place with the plaintiff bank in the future or who the parties thereto might be. Hence, it was naturally unwilling to undertake a blanket and indefinite liability of that kind. It was willing to say that it would not send any notes except what it believed to be good, but it was unwilling to go any further than that."

[5] The rule of construction of guaranties is well stated in 12 R. C. L. 1074, section 25, thus: "There is considerable diversity of opinion as to the strictness or liberality with which guaranties shall be construed. On the one hand, the rule is applied, that if there is any ambiguity in a written instrument it is construed against the person using the language, which requires a guaranty to be construed most strongly against the guarantor. On the other hand, in some jurisdictions, a guarantor is said to be a favorite of the law and the guaranty is construed strictly in his favor. Between these contrary opinions is the middle ground, that there shall be *neither a strict nor a liberal construction of a guaranty, but that it shall receive a reasonable construction and be fairly construed according to the intent of the parties in the same manner as other contracts are*

*construed.* This doctrine requires a construction which neither enlarges the words of the guaranty beyond their natural import in favor of the creditor, nor restricts them in aid of the guarantor. The guaranty should be construed so as to give effect to the intention of the parties thereto and so as to carry out rather than to defeat the purpose for which it was executed. In arriving at this intention, generally little aid may be had from decisions on other contracts of guaranty, and the particular contract in question must be given effect according to its own expressed intention, as gathered from all the words and clauses used, taken as a whole, due regard being had also to the surrounding circumstances, especially where the expressed terms of the contract are ambiguous. But by whatever rule the meaning of the contract is determined, after the meaning is found the effect of the guaranty is strictly construed in favor of the guarantor. *His liability cannot be enlarged beyond the strict intent of the instrument.*" (Italics supplied.)

From the foregoing it is clear that there is no ambiguity in the letter which would permit the introduction of evidence of practical construction that the letter was not a guaranty as to future notes, and that there was no error in the action of the court in sustaining the demurrer upon the ground that the letter of November, 1919, did not constitute a guaranty of the note of April 2, 1926, and that the order of December 10, 1926, complained of, should be affirmed.

*Affirmed.*