## Richmond

WILLIAM SCHLUDERBERG-T. J. KURDLE COMPANY v. FRANKLIN A. TRICE AND E. W. BELL.

April 23, 1956.

Record No. 4510.

Present, Eggleston, Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Thomas J. Surface*, for the plaintiff in error.

*Sam B. Witt, Jr.*, for the defendants in error.

MILLER, J., delivered the opinion of the court.

The William Schluderberg-T. J. Kurdle Company, Inc., hereinafter called plaintiff, instituted action against Franklin A. Trice and E. W. Bell, hereinafter called defendants, to recover the sum of $2,403.51.

Plaintiff's claim is based upon a guaranty given to it by defendants on June 3, 1954, which is incorporated in the written motion for judgment. The material parts of the guaranty follow:

"In consideration of your supplying Food Kraft, Inc., (Foodcraft Inc.) of 20 Shockoe Slip, Richmond, Virginia with goods in your line, upon credit, we, Franklin A. Trice and E. W. Bell do guarantee you the payment of and we, Franklin A. Trice and E. W. Bell promise to pay such sum or sums of money as Food Kraft, Inc., (Foodcraft Inc.) shall owe for goods purchased at any time, *provided that at no time shall the total indebtedness of Food Kraft, Inc. (Foodcraft Inc.) to you exceed the sum of Twenty-Five Hundred and no 100 Dollars* * * *" (Italics supplied.)

An account made a part of the motion for judgment shows that between September 15, 1954, and October 7, 1954, plaintiff delivered merchandise to Food Kraft, Inc., and the aggregate of the invoices for these deliveries amounted to $3,063.87. The account also discloses that no payment was made on the indebtedness until October 11, 1954, when $660.36 was paid and the indebtedness reduced to $2,403.51, the sum sued for.

Defendants filed grounds of defense in which execution of the guaranty and the correctness of the account were admitted, but it was asserted that the guaranty was conditional and that the condition had been broken by plaintiff. In plaintiff's written replication to the grounds of defense it is stated that the writing of June 3, 1954 "is a contract of absolute guaranty wherein the said defendants absolutely guaranteed the payment of money to the plaintiffs * * *." A pretrial conference as allowed by Rule of Court 4:1 was held[1] and on motion of defendants a summary judgment was entered under authority of Rule of Court 3:20[2], *Robinson v. Barrow-Penn & Co.*, 194 Va. 632,

[1] In any civil case, the court of its own motion or upon timely motion of any party, may direct the attorneys for the parties to appear before it for a conference to consider:

 (a) Simplification of issues;

 (b) Amendment of pleadings, and filing of additional pleadings;

 (c) Stipulation as to facts, documents, records, photographs, plans and like matter, which will dispense with formal proof thereof; and

 (d) Such other matters as will aid in the disposition of the case.

Upon consideration of the above matters the judge shall make an appropriate order which will control the subsequent conduct of the case unless modified before or at the trial or hearing to prevent manifest injustice.

[2] Either party may file a motion for summary judgment at any time after the parties are at issue. If it appears from the pleadings, the orders, if any, made at a pretrial conference, and the admissions, if any, in a deposition that the moving party is entitled to judgment, the court shall enter judgment in his favor. Summary judg-

74 S. E. 2d 175, denying recovery, and from that judgment plaintiff appealed.

In the exceptions filed by plaintiff to the judgment of the court, and in its notice of appeal and assignments of error, it is asserted that Trice and Bell were the president and secretary respectively of Food Kraft, Inc., and that in a letter of November 18, 1954, from them to plaintiff, they admitted liability for the sum claimed. However, it does not appear that this letter was presented to the trial court, for it was not made a part of the record at the conference nor when the summary judgment was entered, and it is not before us for consideration.

"Rule of Court 3:20 provides that 'Summary judgment shall not be entered if the amount of damages or other material fact is genuinely in dispute.' Rule 4:1 provides how a pre-trial conference may be held, its object and effect.

"Both Rules were adopted to allow trial courts to bring litigation to an end at an early stage when it clearly appeared that one of the parties was entitled to a judgment in the case as made out by the pleadings and the admissions of the parties. They were not intended to substitute a new method of trial when an issue of fact exists. Rule 3:20 applies only to cases where no trial is necessary because no evidence could affect the result. * * *" *Kasco Mills, Inc.* v. *Ferebee*, 197 Va. 589, 593, 90 S. E. 2d 866.

At the conference defendants sought dismissal of plaintiff's claim on the ground that the guaranty was conditional and that the pleadings showed that it had been breached by plaintiff. If there was another writing available to plaintiff in which defendants admitted liability, waived the condition of the guaranty, or otherwise materially altered its import so as to present a material issue for the consideration of the court or jury, it was plaintiff's duty to present the writing. Had that been done and the import of the letter found to be such as to create an issue of law for the court or a material issue of fact, as now claimed, then the pleadings could have been amended if proper so to do and the court could have decided the question of law and submitted the issue of fact to the jury for decision.

Plaintiff having failed to present the letter at the conference and make it a part of the record, we have no authority to consider plaintiff's claim that defendants admitted liability in the writings. The rights of the parties must be determined on the record before us.

---

ment shall not be entered if the amount of damages or any other material fact is genuinely in dispute.

 Is the written guaranty absolute for any sum not in excess of $2,500, or does it impose a condition upon plaintiff that released defendants when plaintiff extended credit to the debtor in excess of $2,500?

Absolute and conditional guaranties are defined, and their differences stated, in the following authorities:

"It has been uniformly held, and the holdings seem to have the support of common sense, that where one absolutely guarantees the payment of money to another, the amount of which payment is certain and definite, and the time of payment likewise determined, his contract of guaranty is absolute; but where it depends on some contingency, or where the amount is uncertain, or where the time of payment is to be determined by the happenings of some future event; or where there is some other element of uncertainty or indefiniteness, the contract of guaranty is ordinarily held to be conditional." 9 M. J., Guaranty, § 12. See also 24 Am. Jur., Guaranty, § 16; 38 C. J. S., Guaranty, § 7.

The trial judge held that the guaranty was conditional and was breached when plaintiff extended credit to Food Kraft, in excess of $2,500. In a well reasoned and convincing opinion, he said:

\* \* \* \* \* \* \*

"(3) The defendants contend that the portion of the italicized letter of guaranty clearly shows that the condition of the guaranty was that the *total indebtedness* of the principal debtor should not at any time exceed $2,500.00, and this condition having been breached, the defendants are not liable.

"On the other hand, the plaintiff contends that the language of the guaranty was merely a limitation upon the total liability of the defendant guarantors.

"There has been a great deal of argument by counsel as to rules of construction, such as *'strictissimi juris'*, the instrument should be strictly constructed against the party who prepared it, and the like. In the opinion of the Court the words of any instrument should be given their commonly accepted meaning and if no ambiguity then exists there is no need to do more than to accept the plain meaning of the instrument as the intent of the contracting parties, and then give effect to the instrument accordingly.

"Perhaps as clear a statement as can be found in this respect, is that

in the opinion of the Supreme Court of Appeals of Virginia, in the case of *People's Bank, etc.* v. *People's Bank, by Chichester*, J., 148 Va. 651, at p. 659-660 as follows:

" 'The rule of construction of guaranties is well stated in 12 R. C. L. 1074, section 25, [24 Am. Jur., Guaranty, §§ 56, 57, p. 910, 911], thus: 'There is considerable diversity of opinion as to the strictness or liberality with which guaranties shall be construed. On the one hand, the rule is applied, that if there is any ambiguity in a written instrument it is construed against the person using the language, which requires a guaranty to be construed most strongly against the guarantor. On the other hand, in some jurisdictions, a guarantor is said to be a favorite of the law and the guaranty is construed strictly in his favor. Between these contrary opinions is the middle ground, that there shall be *neither a strict nor a liberal construction of a guaranty, but that it shall receive a reasonable construction and be fairly construed according to the intent of the parties in the same manner as other contracts are construed.* This doctrine requires a construction which neither enlarges the words of the guaranty beyond their natural import in favor of the creditor, nor restricts them in aid of the guarantor. The guaranty should be construed so as to give effect to the intention of the parties thereto and so as to carry out rather than to defeat the purpose for which it was executed. In arriving at this intention, generally little aid may be had from decisions on other contracts of guaranty, and the particular contract in question must be given effect according to its own expressed intention, as gathered from all the words and clauses used, taken as a whole, due regard being had also to the surrounding circumstances, especially where the expressed terms of the contract are ambiguous. But by whatever rule the meaning of the contract is determined, after the meaning is found the effect of the guaranty is strictly construed in favor of the guarantor. *His liability cannot be enlarged beyond the strict intent of the instrument.'* (Italics supplied.)

"This Court finds no difficulty whatsoever in construing the meaning of the italicized words of the guaranty as above set out. Certainly no words could more aptly define the condition upon which the guarantors were willing to guarantee the indebtedness of the principal debtor to the plaintiff than those words '* * * we guarantee you the payment of, and we * * * promise to pay such sum or sums of money as Food Kraft, Inc., (Foodcraft, Inc.) shall owe for goods purchased at any time, *provided, at no time the total indebtedness of*

*Food Kraft, Inc., (Foodcraft, Inc.) to you exceed Twenty-Five Hundred and no/100 Dollars * * *.'*

"The defendants, as well as any guarantor would have valid reasons for limiting *both* the *amount of their liability and the total indebtedness* of their principal debtor. The most patent reasons for limiting the total indebtedness of the principal debtor would be to prevent the latter from incurring such large liabilities as would submerge him and prevent him from paying his debts, and if the guarantor should be called upon to pay, he would have more chance of salvage from the principal debtor's assets, thus indemnifying the guarantor. * * *" 9 M. J., Guaranty, § 11, p. 254, and cases cited.

The trial court correctly interpreted the instrument in question, and for the reasons stated, the judgment appealed from is

*Affirmed.*