392 So.2d 285 (1980)
Ronnie WOODRUFF, Appellant and Cross-Appellee,
v.
The EXCHANGE NATIONAL BANK OF TAMPA, Appellee and Cross-Appellant.
Nos. 79-996, 79-1336 and 79-1099.
District Court of Appeal of Florida, Second District.
December 3, 1980.
Rehearing Denied January 14, 1981.
Michael S. Moreland, Fort Myers, for appellant and cross-appellee.
James V. Lau and Steven D. Merryday of Holland & Knight, Tampa, for appellee and cross-appellant, the Exchange Nat. Bank of Tampa.
DANAHY, Judge.
We have considered the point asserted by appellant on these appeals and find it to be without merit. However, we find merit in the point raised on cross-appeal in Case No. 79-996.
Cross-appellant, The Exchange National Bank of Tampa (The Bank), sued its debtors and their guarantor, cross-appellee Ronnie Woodruff (Woodruff), to recover a deficiency due the Bank by the debtors under a secured second renewal note dated August 10, 1977. Following default by the debtors, the Bank took possession of the note's security and sold it for an amount exceeding $275,000. That amount was applied against the indebtedness, leaving the deficiency for which this suit was brought.
Woodruff had executed a guaranty of the note reading as follows:
The undersigned [Woodruff] ... hereby unconditionally guaranties to Bank ... that all sums stated in such [note] to be payable will be promptly paid in full when due in accordance with the provisions of such [note] ... together with any and all legal and other costs and expenses paid or incurred in connection therewith... .
PROVIDED, HOWEVER, that the limit of the liability of the undersigned hereunder which shall exist at any time shall be the sum of $275,000 exclusive of interest, but in the event this limit is exceeded the undersigned shall nevertheless be liable hereunder to the extent of said limit and the enforceability of this guaranty shall not be impaired or diminished by such excess.
The trial judge ruled that Woodruff was not liable to the Bank for the deficiency because his liability under the guaranty extended only to $275,000 of the debtors' indebtedness to the Bank under the note, so that his obligation was satisfied as a matter of law when the indebtedness was satisfied to the extent of $275,000 by application of the security. We reverse the final judgment to the extent of that ruling.
*286 We agree with the Bank's position that the limit of liability stated in the guaranty expressed a limit on Woodruff's aggregate liability rather than a designation of the first $275,000 of the indebtedness as that part of the debt which Woodruff guarantied. A general guaranty that contains only a ceiling on the guarantor's aggregate liability requires the guarantor to answer for deficiencies up to the specified ceiling without respect to the amount of proceeds received by the creditor from the debtor. Strange v. Cooper Grocery Company, 4 S.W.2d 232 (Tex.Civ.App. 1928), reversed on other grounds, 18 S.W.2d 609 (Tex.Com. App. 1929).
We reverse in Case No. 79-996 with directions that the trial judge enter an amended final judgment in favor of the Bank and against Woodruff for the deficiency due from the debtors under the second renewal note of August 10, 1977. The final judgment in that case is affirmed in all other respects, together with the judgments which are appealed in Case No. 79-1099 and Case No. 79-1336.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
RYDER, Acting C.J., and DEWELL, JOHN H., Associate Judge, concur.