HALL, Judge.
The appellant Goldome Savings Bank appeals from a final summary judgment construing a guaranty agreement in favor of the appellees Gene Bartholomew, Jr., Harry C. Powell, Jr., and Gerard McHale, Jr., as personal representative of the estate of David Edward Campbell Hall. Because we find that the trial court did not properly interpret the guaranty agreement, we reverse.
Bartholomew, Powell, and Hall executed the subject guaranty agreement to provide additional security for payment of a promissory note executed by Port Iona Development Corporation in favor of Goldome and secured by a mortgage. After Port Iona defaulted on its payments under the note, Goldome filed a complaint seeking in the first count to foreclose Port Iona’s mortgage and in the second count to obtain a judgment on the guaranty agreement. Goldome then filed a motion for summary judgment as to the first count, which motion was granted. The trial court entered a final summary judgment of foreclosure against Port Iona in the amount of $5,656,-876.42. Goldome was the successful bidder at the foreclosure sale and received title to the property.
As to the second count, the three guarantors filed a motion for summary judgment alleging that there existed no dispute of material fact but that they were entitled to judgment as a matter of law because their liability under the guaranty agreement was only 42% of the amount due and that, consequently, their liability was less than any estimates of the value of the property to which Goldome had obtained title at the foreclosure sale. Goldome also filed a motion for summary judgment as to count two. It argued that the fair market value of the property, $4,232,000, was less than the amount awarded in the final judgment of foreclosure, $5,656,876.42, and that, pursuant to the terms of the guaranty agreement, each guarantor was liable to Gol-dome for up to 42% of the deficiency amount.
The trial court granted the guarantors’ motion and entered summary final judgment in their favor, finding as follows:
[Rjeading the guaranty agreement, and particularly reading paragraph 21 thereof in pari materia with paragraph 1 thereof, the Court finds that the ... [guarantors] are liable only to an amount equal to forty-two percent (42%) of the total indebtedness due from Port Iona Development Corporation to ... [Gol-dome].
[[Image here]]
4. As evidenced by the Summary Final Judgment for ... [Goldome] ... previously entered ... forty-two percent (42%) of the amount due ... [Goldome] is less than the fair market value of the *977 property and therefore, there is no deficiency and no liability of [the guarantors].
We disagree with the trial court’s findings and therefore reverse the summary judgment in favor of the guarantors.
In addition to paragraphs 1 and 21 of the guaranty agreement, paragraphs 2, 3, 4, and 6 are relevant to the determination of this appeal. These paragraphs provide as follows:
1. If there are two or more parties executing this Guaranty, as Guarantors, then the liabilities of said parties shall be joint and several.
2. Guarantor irrevocably and unconditionally guarantees to Mortgagee with full power to satisfy, discharge, release, foreclose, assign and transfer the within Guaranty ... the due performance and full and prompt payment, whether at maturity or by acceleration or otherwise, of any and all obligations and indebtedness of and in connection with the Note
[[Image here]]
3. The word “indebtedness” is used herein in its most comprehensive sense, and includes any and all advances....
4. This is a Guaranty of payment and not of collection, and a Guaranty of performance. Guarantor agrees that immediately upon the occurrence of any event of default and a written demand of the Mortgagee, Guarantor shall pay to the Mortgagee the full amount of the indebtedness. ...
[[Image here]]
6. ... Guarantor hereby indemnifies Mortgagee against loss, cost or expense, by reason of the assertion by Borrower of any defense of its obligations under said loan documents, or resulting from the attempted assertion by Guarantor of any defense hereunder based upon any such action or inaction of Borrower....
[[Image here]]
21. Notwithstanding the fact that this Guaranty is executed by Gene Bartholomew, Jr., David E.C. Hall, and Harry C. Powell, Jr., by acceptance hereof, the Lender agrees that such individuals shall be limited to the following percentages of the total indebtedness and liabilities created by this Guaranty, to-wit: [sic] Gene Bartholomew, Jr.: 42%; David E.C. Hall: 42%; Harry C. Powell, Jr.: 42%.
Contrary to the trial court’s interpretation, none of these paragraphs limit the guarantors’ liability to only 42% of the total indebtedness. Rather, the guarantors are jointly liable for 100% of the total indebtedness and severally liable for an amount up to 42% of the total indebtedness. The indebtedness is whatever remains to be paid Goldome on the promissory note from Port Iona. See Woodruff v. Exchange National Bank of Tampa, 392 So.2d 285 (Fla. 2d DCA 1980). Because Goldome obtained a final judgment of foreclosure of the mortgage that secured that note and the amount of that final judgment is greater than the fair market value of the property obtained by Goldome at the foreclosure sale, the difference of $1,568,000 is the amount of remaining indebtedness for which the guarantors’ are liable.
Accordingly, we reverse the summary final judgment entered in favor of the appel-lees and remand this cause to the trial court to determine the dollar amounts of the remaining indebtedness of $1,568,000 each guarantor owes Goldome pursuant to the guaranty agreement.
DÁNAHY, C.J., and CAMPBELL, J., concur.