538 So.2d 867 (1989)
Jong-in KIM, Harlan L. Hanson, Philip E. Searcy, Roy C. Mallady, Jr., and W.R. Bean, Appellants/Cross-Appellees,
v.
PEOPLES FEDERAL Savings & LOAN ASSOCIATION OF TARENTUM, PENNSYLVANIA, a Pennsylvania Corporation, Appellee/Cross-Appellant.
No. 87-1445.
District Court of Appeal of Florida, First District.
January 13, 1989.
*868 Denis L. Durkin and Beth J. Willard, of Baker & Hostetler, Orlando, for appellants/cross-appellees.
W. Wade Wallace, of Bartlett & Wallace, Destin, and Christine Rieger Milton and William S. Graessle, of Mahoney Adams Milam Surface & Grimsley, P.A., Jacksonville, for appellee/cross-appellant.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellee's Motion for Rehearing or Clarification is granted. We withdraw our opinion filed November 10, 1988, and substitute the following opinion therefor.
Appellants Jong-In Kim, Harlan L. Hanson, Philip E. Searcy, Roy C. Mallady, Jr., and W.R. Bean, defendants in an action brought by appellee Peoples Federal Savings & Loan Association (Peoples) to enforce guaranty agreements, appeal a final judgment entered in appellee's favor, and raise three issues on appeal: (1) whether the trial court erred in ruling that it had personal jurisdiction over appellants/defendants Kim, Mallady, and Bean; (2) whether the trial court erred in failing to find the guaranty agreements void for breach of condition; and (3) whether the trial court erred in awarding the appellee/plaintiff attorney's fees, interest, insurance, taxes, escrow, and prejudgment interest. Peoples cross-appeals, arguing that the trial court erred in calculating the amount of appellants' liability on the guaranty agreements. Since the facts and issues involved in this appeal are identical with regard to appellants Kim, Mallady, and Bean to those in companion case number 87-1362, Renda v. Peoples Federal Savings & Loan Association, we reverse the judgment entered against those three appellants on the basis of the trial court's lack of personal jurisdiction, in accordance with our written opinion in Renda v. Peoples Federal Savings & Loan Association, 538 So.2d 860 (Fla. 1st DCA 1988). In light of our ruling, we find it unnecessary to address the remaining issues on appeal, or the issue on cross appeal, as they apply to Kim, Mallady, and Bean. Since appellants Hanson and Searcy were Florida residents and, therefore, did not raise the issue of lack of personal jurisdiction before either the trial court or this court, we must address the two remaining issues on appeal and the issue on cross appeal as it applies to those two appellants. The facts involved in this case have been set out fully in our opinion in Renda and Joe-Lin Investments, Ltd. v. Peoples Federal Savings & Loan Association, and will not be repeated herein.
First, we find that the trial court did not err in failing to find the guaranty agreements entered into by appellants *869 Hanson and Searcy void for breach of condition. The loan guaranty signed by each of the eleven guarantors reads, in pertinent part:
The undersigned hereby guarantees to the lender, its successors and assigns, the payment of every note . .. which borrower may execute in favor of lender ... provided, however, as follows:
(1) borrower's indebtedness to lender shall not exceed $3,800,000... .
Since the principal amount of the loan did exceed $3,800,000 sometime in 1983 or 1984, appellants argue that the guaranties are void and the guarantors released from all liability, citing Schluderberg v. Trice, 198 Va. 85, 92 S.E.2d 374 (1956).
The general rule with regard to this issue is that the specification of the amount of credit to be extended or the maximum amount of the guaranty, in the absence of expression of a contrary intent, indicates an intent only to limit the amount of the guarantor's liability, and not to constitute a condition, the breach of which would relieve the guarantor of all liability. 57 A.L.R.2d 1209. Although we agree with appellants that the Schluderberg case is directly on point, the Virginia Supreme Court's holding in Schluderberg is in the minority position, the majority of states holding that such language is not conditional but merely limits the guarantor's liability. We adopt the majority view on this issue and interpret the language in the guaranty as merely constituting a $3,800,000 limit on the guarantor's aggregate liability. Despite the language of the guaranty, there is no indication in the instrument itself that the parties intended the agreement to be completely without effect if the partnership's indebtedness should exceed $3,800,000. Only if the guarantors' liability rose along with the increased indebtedness would the guarantors be left unprotected. Construing the language as a limitation on the guarantors' liability protects the guarantors from the consequences of the increased indebtedness and confers upon them no more than what they agreed to do in the instrument  guarantee up to $3,800,000 of the partnership's debts.
Second, we agree with appellants Hanson and Searcy that the trial court erred both in awarding attorney's fees, costs, interest, and escrow in connection with the suit under the guaranty, and in awarding prejudgment interest. Under the terms of the guaranties involved in the instant case, the limited partners agreed to guarantee the payment of every note under the terms and conditions of the notes. The terms of the notes provided only for the payment of attorney's fees incurred in enforcing the notes, but did not provide for payment of insurance, taxes, escrow, prejudgment interest, or attorney's fees in enforcing the guaranties against the guarantors. As a general rule, the guarantor is not liable for attorney's fees and costs in connection with an action to enforce a guaranty where there is no express provision in the guaranty for such liability, but where the contract provides only for payment of attorney's fees and costs in connection with proceedings to collect on the note. See Servaites v. Lowden, 99 Nev. 240, 660 P.2d 1008 (1983); Securites Investment Company of St. Louis v. Donnelly, 89 Nev. 341, 513 P.2d 1238 (1973); Taylor v. Ross, 736 S.W.2d 614 (Ct.App.Tex. 1987). The only Florida case addressing this issue appears to be Holcomb v. Bardill, 214 So.2d 522 (Fla. 4th DCA 1968). In that case, Mr. Bardill executed both a note and a separate guaranty to the Holcombs, the note containing the following language:
In the event this note is placed in the hands of an attorney for collection, or in case the holder shall become a party either as plaintiff or as defendant in any suit or legal proceeding in relation to the property described or the lien created in the mortgage securing payment of this indebtedness or for the recovery or protection of said indebtedness, the maker hereof will repay on demand all costs and expense arising therefrom, including reasonable attorney's fees, with interest thereon at the rate of 10 per cent per annum until paid.
214 So.2d at 523. The Holcombs brought suit against Bardill on both the promissory note and the guaranty, but attorney's fees were allowed only on the suit on the note. *870 The appellate court reversed, holding that the provision in the note was broad enough to include not only a suit for collection on the note, but also a suit under the guaranty.
In the instant case, the note requires the holders and guarantors to pay costs and expenses only in connection with enforcing the note, but contains no language which can be construed, as in Holcomb, as in applying to a suit under the guaranty as well. Since the guaranties themselves also contain no such language, we find that the trial court erred in finding appellants liable for attorney's fees and expenses in connection with the suit on the guaranties, and remand for a determination of the amount of the attorney's fees and expenses incurred only in connection with the proceedings to enforce the note against the principal debtors.
Under Argonaut Insurance Company v. May Plumbing Company, 474 So.2d 212 (Fla. 1985), prejudgment interest is to be awarded from the date of loss once a verdict has liquidated the damages. Since plaintiff Peoples elected to proceed against the principal debtors first, and against the guarantors only for the deficiency, the amount of the guarantors' liability equals the amount of the deficiency, and became liquidated only when the trial court determined the amount of the deficiency. The date of the appellee's loss, however, was the date of default by the principal debtors. We therefore reverse the award of prejudgment interest and remand with directions that the trial court impose prejudgment interest on the amount of the deficiency from the date of the default by the principal debtor.
Last, we agree with the argument raised by cross-appellant/Peoples, that the trial court erred in offsetting the appellants' liability by the value received by Peoples from the judicial sale, finding both Woodruff v. Exchange National Bank of Tampa, 392 So.2d 285 (Fla. 2d DCA 1980) and Goldome Savings Bank v. Bartholemew, 512 So.2d 975 (Fla. 2d DCA 1987) to be directly on point.
In Woodruff, the guarantor/defendant agreed to guarantee a note executed by the debtor to Exchange National Bank, but specifically limited his liability to $275,000. More than that amount was loaned to the debtor. When the debtor defaulted, the bank sold the property for more than $275,000, leaving a deficiency. The bank then sued the guarantor for the deficiency. The trial court found that the guarantor was not liable, reasoning that because his liability extended only to $275,000 of the debtor's indebtedness to the bank, his obligation was satisfied when the indebtedness was reduced by more than $275,000 by the sale of the security. The appellate court reversed, with directions that the trial court enter judgment against the guarantor for the entire deficiency due on the note, and held:
We agree with the bank's position that the limit of liability stated in the guaranty expressed a limit on Woodruff's aggregate liability rather than a designation of the first $275,000 of the indebtedness as that part of the debt which Woodruff guaranteed. A general guaranty that contains only a ceiling on the guarantor's aggregate liability requires the guarantor to answer for deficiencies up to a specified ceiling without respect to the amount of proceeds received by the creditor from the debtor.
392 So.2d at 286.
The trial court's holding in the instant case is based on the same error as was the trial court's holding in Woodruff. Here, the total amount of indebtedness was $4,593,398.49 and the foreclosure sale netted the bank $3,675,000, leaving a deficiency of $918,398.49. Instead of finding the guarantors liable for the entire deficiency since it was well within their $3,800,000 limitation of liability, the trial court found the guarantors' obligation of $3,800,000 should be reduced by the amount received by the bank at the sale, effectively holding, as in Woodruff, that the $3,800,000 limit in the guaranty agreement meant that the guarantors guaranteed only the first $3,800,000 of the indebtedness. Had the sale in the instant case netted $3,800,000 or *871 more, the trial court would have held that the guarantors owed nothing.
The same fact situation existed in Goldome. There, Bartholemew and two others gave a joint and several guaranty of a note executed by the debtor to Goldome Bank and secured by a mortgage. Although each guarantor's several liability was limited to 42%, their joint liability was for 100% of the indebtedness. When the debtors defaulted, the bank purchased the property for $4,232,000 and sued the guarantors for the deficiency of $1,568,000. The trial court found in favor of the guarantors, holding that since the amount received from the sale of the property was more than 42% of the indebtedness, "there is no deficiency and no liability of [the guarantors]." 512 So.2d at 977. The appellate court reversed, citing Woodruff and stating:
The indebtedness is whatever remains to be paid Goldome on the promissory note from [the debtor].... because Goldome obtained a final judgment of foreclosure of the mortgage that secured that note and the amount of that final judgment is greater than the fair market value of the property obtained by Goldome at the foreclosure sale, the difference of $1,568,000 is the amount of remaining indebtedness for which the guarantors are liable.
512 So.2d at 977.
As in Woodruff and Goldome, we reverse the final judgment and remand for the trial court to determine each guarantor's share of the $918,398.49 deficiency owed to Peoples after the foreclosure sale.
Accordingly, we reverse the judgment entered against appellants Kim, Mallady, and Bean, on the basis that the trial court lacked in personam jurisdiction over those defendants. As to appellants Hanson and Searcy, we affirm the trial court's failure to find the guaranty agreements void for breach of condition, and reverse that portion of the final judgment awarding Peoples attorney's fees, insurance, taxes, escrow, and prejudgment interest, and remand in accordance with this opinion. We also reverse that portion of the final judgment finding the guarantors to be liable for only $125,000 of the deficiency, and remand with instructions that the trial court find the guarantors liable for their pro rata share of the entire amount of the deficiency.
MILLS and JOANOS, JJ., concur.