KAHN, Judge.
First Florida Bank, N.A., f/k/a The Lewis State Bank, appeals from a final order limiting its recovery on a guaranty agreement. The bank raises the issues of (1) whether a guarantor’s liability is reduced by payments made by a second guarantor pursuant to a separate guaranty agreement, and (2) whether a guarantor is liable for prejudgment interest on the amount of the guaranty from the date of the principal debtor’s default, plus the costs of enforcement of the guaranty, notwithstanding any limitation contained in the guaranty. Ap- *285 pellees, All World, Inc., and Lucius Gantt, have made no appearance. We reverse.
On September 15, 1983, All World, Inc., now a dissolved Florida corporation, executed a promissory note in favor of The Lewis State Bank in the amount of $16,000, renewing previous notes. On the same date, Lucius Gantt, president of All World Inc., gave the bank a personal guaranty limited to the sum of $16,000, and Matthew Carter, vice president of All World, gave a personal guaranty of the accounts of All World, Inc. limited to the sum of $5,000. On January 13, 1984, All World renewed the note and subsequently defaulted.
In its complaint, First Florida Bank, N.A., f/k/a The Lewis State Bank, alleged that as of June 12, 1989, All World and its officers and directors were indebted to the bank in the amount of $15,732.93. The bank sought payment of the $15,732.93 under the terms of the promissory note and guaranties, costs of collection and attorney’s fees. Subsequently, Mr. Carter paid the bank $5,000 under his personal guaranty-
The trial court ruled that as of the July 9, 1990 hearing date, All World, Inc., was indebted to the bank in the amount of $19,029.59,[1] plus court costs and attorney’s fees. The court further found that:
[B]y virtue of a guaranty in the amount of $5,000 executed by Matthew Carter and for which said sum was paid to the Plaintiff, the amount which may be recovered from Mr. Gantt as a result of his personal guaranty in the amount of $16,-000.00 is reduced by $5,000.00 for a total available guaranty of $11,000.00 from the Defendant Mr. Gantt, and as limited thereby, the Defendant Lucius Gantt is indebted to the Plaintiff in the amount of $11,000.
3.The liability of the Defendant Mr. Gantt is based upon a personal guaranty and liability of All World, Inc. and any funds recovered from Mr. Gantt in satisfaction of the judgment entered against him shall also be applied toward the satisfaction of the judgment entered against All World, Inc. The amount recovered from Mr. Gantt shall not exceed the lesser of $11,000.00 plus statutory interest or the judgment balance plus statutory interest owed by All World, Inc. (R. 60-61).
The judge ordered that the plaintiff bank recover from All World, Inc., the sum of $19,022.37,[2] and recover from appellee Lucius Gantt, the sum of $11,000.00. The court reserved jurisdiction on costs and attorney’s fees.
The trial court erred in reducing Mr. Gantt’s liability by the $5,000 paid by Carter, another principal in the business, pursuant to a separate guaranty. As the court said in F.D.I.C. v. University Anclote, 764 F.2d 804, 807 (11th Cir.1985), the extent of the guarantor’s liability depends upon the language of the guaranty itself. Gantt’s guaranty provides, in part:
2. CONTINUING GUARANTY: Guarantor hereby unconditionally guarantees to the Bank the due performance, including, but not being limited to, the prompt payment when due, of Principal Debtor’s Liabilities to Bank....
3. AMOUNT OF LIABILITY: The amount of Guarantor’s liability hereunder shall be limited to 16,000.00_
4. PAYMENT OF INTEREST: In addition to principal payment of Principal Debtor’s Liabilities to Bank hereby guaranteed (whether guaranteed payment is Limited or Unlimited), Guarantor guarantees payment of interest at the rate or rates agreed upon in the documents evidencing Principal Debtor’s Liability to Bank hereby guaranteed.
5. PAYMENT OF COSTS: In addition to the principal and interest payments required to repay Principal Debtor’s Liabilities to Bank hereby guaranteed (whether guaranteed payment is Limited or Unlimited), Guarantor also guarantees payment of all costs and expenses (including reasonable attorneys’ fees and *286 legal expenses ...) of enforcing this Guaranty and enforcing the terms and provisions contained in the documents evidencing Principal Debtor’s Liabilities to Bank and in the preservation, custody, use, operation, preparation and for sale and sale of collateral if any.
6. UNCONDITIONAL LIABILITY: The liability of Guarantor hereunder is absolute and unconditional....
Nothing in the guaranty reduces Gantt’s liability based on Mr. Carter’s separate guaranty. While the bank relied upon both guaranties, Mr. Carter was not a coguarantor on Mr. Gantt’s personal guaranty. A guarantor is liable for the remaining debt or deficiency up to the specific ceiling in the guaranty without respect to amount received by the creditor from other sources. Kim v. Peoples Federal Savings and Loan, 538 So.2d 867 (Fla. 1st DCA 1989); Goldome Savings Bank v. Bartholomew, 512 So.2d 975 (Fla. 2d DCA 1987); Woodruff v. Exchange National Bank of Tampa, 392 So.2d 285 (Fla. 2d DCA 1981). Therefore the bank may properly look to Gantt for the deficiency owed, up to the amount Gantt guaranteed.
As to prejudgment interest and costs, paragraphs four and five of the guaranty expressly guarantee payment of interest and costs, including attorney’s fees, whether the guaranteed payment is limited or unlimited. See 38 Am.Jur.2d Guaranty § 76 at 1082-1083 (1968) (“when the debt has matured against the guarantor, the debt is the guarantor's primary obligation and interest may be recovered although the effect is to increase the judgment beyond the limit of liability stated in the guaranty contract”).
We reverse the trial court’s final judgment and remand the case to the trial court with instructions to increase Mr. Gantt’s liability to the amount stated in the guaranty and to award prejudgment interest and costs in accordance with the guaranty.
BOOTH and WOLF, JJ., concur.

. This amount is computed based on principal and interest.

. We are unable to determine from the record the reason for the discrepancy between the $19,-029.59 amount for which the trial court found All World was indebted to the bank as of July 9, 1990, and the $19,022.37 sum the court ruled the bank was to recover from All World. Neither party addressed the discrepancy.