667 So.2d 913 (1996)
John WEIGERT, Appellant,
v.
TRADE WIND VENTURES, INC., and Gary Braverman, Appellees.
No. 95-1394.
District Court of Appeal of Florida, Third District.
February 7, 1996.
Waldman & Feluren, P.A., and Glenn J. Waldman and Craig J. Trigoboff (Fort Lauderdale), for appellant.
Lee Milich, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.

ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
On consideration of appellees' motion for rehearing and clarification, we grant the motion in part, withdraw our opinion filed December 13, 1995, and substitute the following opinion.
Buyer, John Weigert, appeals from a final judgment after a non-jury trial denying his claim for breach of contract for sale of a vessel. For the following reasons, we reverse.
In 1986, buyer entered into a contract with seller, Trade Wind Ventures, Inc., by which seller agreed to sell a sports/fishing vessel to buyer for $165,000, with closing to occur by January 1991. The contract also recited receipt by seller from buyer of $20,000 in "cash and other considerations, including services rendered for the restoration of the VESSEL." The contract further provided for the return of $20,000 in cash to buyer upon default of the seller. The $20,000 refund was personally guaranteed by seller's principal, Gary Braverman. There is no dispute that buyer provided services and cash towards the restoration of the vessel. Nonetheless, in December 1987, seller sold the vessel to a third party for the substantially higher price of $215,000 and did not return buyer's deposit.
*914 The contract terms are clear and unambiguous and the evidence is undisputed that seller breached its contract to sell the vessel and Mr. Braverman breached his guarantee. As damages on the breach of the sales contract, buyer is entitled to the benefit of his bargain, measured by the market value of the vessel at the time of the breach. See Kneale v. Jay Ben Inc., 527 So.2d 917 (Fla. 3d DCA 1988). The only evidence at trial on market value appears to be buyer's evidence that the vessel was sold to a third party for $215,000[1]; seller did not present any evidence. Buyer is entitled to judgment for damages in principal of (1) $20,000 against both seller and Mr. Braverman on the deposit refund; and (2) an additional $30,000 against seller separatelythe $50,000 difference between the market price and the contract purchase price less the $20,000 joint liability of the seller and Mr. Braverman for return of the deposit.
Upon further consideration, we also withdraw our December 13, 1995, order awarding attorney's fees against both seller and guarantor and instead order that appellant's motion for attorney's fees and costs is granted as to seller, Trade Wind Ventures, only, the amount to be fixed by the trial court. See MSI Financial Group, Inc. v. Veterans Constr. Corp., 645 So.2d 178 (Fla. 3d DCA 1994) (guarantor not subject to attorney's fees provision contained in underlying contract but not in guarantee agreement).
Reversed and remanded with instructions to enter judgment for buyer in accordance with this opinion.
NOTES
[1] This amount includes a brokerage commission that the seller did not receive. However, seller did not rebut buyer's testimony that buyer was a licensed yacht broker and, thus, would have kept the commission had he had the opportunity to resell the vessel himself.