PER CURIAM.
This appeal and cross-appeal seek to enforce our mandate issued in a previous appearance of this case, Weigert v. Trade Wind Ventures, Inc. and Braverman, 667 So.2d 913 (Fla. 3d DCA 1996). (Weigert I).
In Weigert I, this court found:
In 1986, buyer entered into a contract with seller, Trade Wind Ventures, Inc., by which seller agreed to sell a sports/fishing vessel to buyer for $165,000, with closing to occur by January 1991. The contract also recited receipt by seller from buyer of $20,000 in “cash and other considerations, including services rendered for the restoration of the VESSEL.” The contract further provided for the return of $20,000 in cash to buyer upon default of the seller. The $20,000 refund was personally guaranteed by seller’s principal, Gary Braverman. There is no dispute that buyer provided services and cash towards the restoration of the vessel. Nonetheless, in December 1987, seller sold the vessel to a third party for the substantially higher price of $215,-000 and did not return buyer’s deposit.
We went on to hold:
Upon further consideration, we also withdraw our December 13, 1995, order awarding attorney’s fees against both seller and guarantor and instead order that appellant’s motion for attorney’s fees and costs is granted as to seller, Trade Wind Ventures, only, the amount to be fixed by the trial court. See MSI Financial Group, Inc. v. Veterans Constr. Corp., 645 So.2d 178 (Fla. 3d DCA 1994) (guarantor not subject to attorney’s fees provision contained in underlying contract but not in guarantee agreement).
Buyer John Weigert argues that the lower court misconstrued Weigert I and therefore erroneously refused to tax costs to Gary Braverman. We disagree. Braver-man’s guaranty was limited to a $20,000 payment. If Weigert wanted Braverman to be responsible for costs, the guaranty negotiated should have expressly so stated. See Kim v. Peoples Fed. Sav. & Loan Ass’n, 538 So.2d 867 (Fla. 1st DCA 1989). Furthermore, Wei-gert’s argument on this issue was presented to this court in Weigert I, and our decision therein is clear and controls.
Aso, Weigert claims the trial court erred, on remand, in awarding prejudgment interest from February 1, 1991, instead of December 1987. Weigert claims we “fixed” the date of breach as December 1987 in Weigert I. Thus, he argues, the trial court violated the law of the case in determining the date of breach to be when the sale did *964 not close, on January 31, 1991. The parties’ agreement set a closing date but contained an option for Weigert to elect to close earlier. Weigert never exercised that option. Thus, the trial court correctly ruled that the closing date, January 31, 1991, was the date of breach and that prejudgment interest should be calculated to commence when Trade Wind Ventures did not present the vessel at closing. Southeast Capital Inv. Corp. v. Albemarle Hotel, Inc., 550 So.2d 49 (Fla. 2d DCA 1989), review denied, 558 So.2d 19 (Fla.l990)(prejudgment interest should have commenced the date of closing rather than date of repudiation of the contract.) Furthermore, nothing in Weigert I establishes the law of the case as otherwise.
By cross-appeal, Braverman takes issue with that part of the trial court’s order which makes the prejudgment interest award run against him, personally, as well as Trade Wind Ventures, an issue not addressed in Weigeit I. Braverman argues prejudgment interest should not have been awarded against him, as the guaranty is silent as to interest. Kim v. Peoples, 538 So.2d at 869, clearly concludes a guaranty of a specific amount constitutes a dollar limit on the guarantor’s aggregate liability. In Kim v. Peoples, that court reversed the award of prejudgment interest against the guarantor where the language of the guaranty was silent as to prejudgment interest, stating:
As a general rule, the guarantor is not liable for attorney’s fees and costs in connection with an action to enforce a guaranty where there is no express provision in the guaranty for such liability, but where the contract provides only for payment of attorney’s fees and costs in connection with proceedings to collect on the note.
Id. at 869. (emphasis added) (citations omitted).
The guaranty in the instant case provides: 0. Guaranty: In the event SELLER defaults purchase referenced above, the undersigned [Braverman] personally guarantees payment of the $20,000 deposit held by seller.
Relying on Kim v. Peoples, we conclude that Braverman is correct. The extent of Braver-man’s promise was that if the seller defaulted, he would pay $20,000. He promised no more.
Finally, Weigert argues that the lower court erred in not awarding reasonable attorney’s fees against Braverman. Weigert argues here for the first time that he is due attorney’s fees against Braverman under section 57.105 Florida Statutes (1995). We conclude that under the instant facts, there was ample time to znake such an argument, either by clarification to Weigeit I or in the trial court on remand, and Weigert failed to do so. Again, we find Weigeit I dispositive and conclude as stated therein, “attorney’s fees and costs [are] granted as to seller, Trade Wind Ventures, only....” Weigeit, 667 So.2d at 914.
Accordingly, that part of the trial court’s order which makes Braverman responsible for prejudgment interest is reversed. The balance of the order under review is affirmed.