PER CURIAM.
National Enterprises, Inc. (“National”), plaintiff below, appeals a jury verdict in favor of the defendant, Hector Viñas, finding that Viñas was not liable as guarantor on a promissory note. The trial court granted Viñas’ motion for attorney’s fees and costs. We affirm the jury’s verdict; and for the following reasons, we reverse the award of attorney’s fees and costs.
National purchased a discounted promissory note executed by Century Park Plaza, Inc., and personally guaranteed by Viñas, Century Park’s president. Prior to the sale of the note, however, the seller entered into a settlement agreement with Century Park and Viñas which arguably released Viñas as guarantor. In an effort to collect on the note, National sued Viñas under his guaranty.
At trial, National presented evidence of its prima facia case consisting of the promissory note, the guaranty, and calculations of the amounts due. In return, Viñas did1 not offer evidence to rebut National’s prima facia case; instead, he presented evidence of the prior settlement and his release as guarantor. On appeal, National argues that the jury verdict was contrary to the evidence. Specifically, National claims that despite Viñas’ failure to rebut its prima facia case, the question answered by the jury on the verdict form inexplainably finds against the prima facie case.
Question one on the verdict form asks, “Is the Defendant HECTOR R. VIÑAS liable or responsible for the amounts that may be determined to be due under the guaranty he signed ... ?” The jury checked “no.” The form instructs the jury that if the answer to question one is no, then the verdict should be for the defendant and the jury should not proceed further. The remaining questions on the verdict form addressed the release and es-toppel defenses raised by Viñas.
We recognize that question one could be construed to mean that the jury found against National on its prima facie case, especially since the form provided for the jury to consider Viñas’ defenses separately. Yet, the language of question one amounted to a general verdict allowing the jury to consider not only the evidence supporting National’s claim but also the evidence supporting Viñas’ defenses. Notably, question one does not specifically ask the jury to find only those facts pertinent to National’s prima facie case, but rather asks if Viñas is “liable or responsible.” Accordingly, the jury could have found that Viñas was not “liable or responsible” either because National failed to prove its prima facie case or, even if National did prove its case, because Viñas succeeded in proving his defenses. In the absence of an objection on National’s part, the two-issue rule dictates that reversal would be improper since National is unable to demonstrate prejudice. See Comreal Miami, Inc. v. Halan Imports, Inc., 559 So.2d 1175, 1175 (Fla. 3d DCA 1990); Pfister v. Parkway Gen. Hosp., Inc., 405 So.2d 1011, 1012 (Fla. 3d DCA 1981). See also Whitman v. Castlewood Int’l Corp., 383 So.2d *560 618 (Fla.1980); Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla.1977).
The trial court awarded Viñas attorney’s fees and costs based on the guaranty’s purported entitlement of such fees to the prevailing party. In doing so, the trial court erred. The guaranty provides for indemnity of the liabilities under the note, including attorney’s fees incurred from collecting under the note. The guaranty does not provide for attorney’s fees incurred from enforcing the liability of the guarantor. See Weigert v. Trade Wind Ventures, Inc., 685 So.2d 962, 964 (Fla. 3d DCA 1996); Kim v. Peoples Fed. Sav. & Loan Ass'n, 538 So.2d 867, 869 (Fla. 1st DCA 1989). '
Affirmed in part; reversed in part.